OF THE

## STATE OF ARIZONA

From February 6, 1923, to December 22, 1923.

---

[Criminal No. 548.   Filed February 6, 1923.]

[212 Pac. 336.]

## DAVID McCREARY, Appellant, v. STATE, Respondent.

.1. BURGLARY—BREAKING AND UNLAWFUL ENTRY NOT ELEMENTS OF STATUTORY OFFENSE.—Where defendant had general permission to pass through the room of complaining witness in order to have access to his own room, but entered such room with intent to steal and did steal complainant's watch, he was guilty of burglary, the elements of breaking and unlawful entry not being essential to the statute.

2. BURGLARY—INTENT TO STEAL JURY QUESTION.—In a prosecution for burglary, where defendant had general permission to enter the room of complaining witness, the court properly submitted to the jury the question whether, at the time of entry, the defendant had formed the intent to steal.

3. CRIMINAL LAW — ADMITTED THEFT EVIDENCE OF INTENT IN BURGLARY PROSECUTION, AND WEIGHT OF EVIDENCE IS FOR JURY.— In a prosecution for burglary the admitted theft of a watch from a room to which defendant had access by general permission from the occupant was a circumstance to be considered on the question of criminal intent, its weight being for the jury.

APPEAL from a judgment of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Affirmed.

Messrs. Struckmeyer & Jennings and Mr. C. L. Strouse, for Appellant.

The Attorney General, for the State.

LYMAN, J.—Appellant was found guilty of burglary in the second degree. The facts developed at the trial were undisputed. Appellant stole a watch from a trunk in the room of the complaining witness. At the time of the theft the two were occupying adjoining rooms. During a part of the day, access to the appellant's room could be had only by passing through the room of the complaining witness. In going to and from his own room, appellant had permission to pass through the room of the complaining witness.

Appellant contends that the facts do not support the judgment, because he had permission to enter the room from which he stole the watch, and because no guilty intent is shown at the time of entering the room when the theft was committed.

Much of the reasoning upon which this appeal is based is due to a misunderstanding of the meaning and scope of the statute defining burglary. The statutory burglary is widely different from the common-law crime of the same name, and the reasoning and decisions of· the courts cited by appellant have to do with the common-law burglary, which involves a breaking, and have little application to the offense in which breaking is not an element. The statutory offense involves no unlawfulness of entry, except as the entry becomes unlawful by reason of the felonious or larcenous intent of the person entering. If appellant entered the room of the complaining witness under general permission to do so for the purpose of going to and from his own room, but with larcenous intent, the burglary of the statute was committed. The courts of other states have many times applied statutes in which breaking is not an element of burglary to conditions similar to the facts of this case. In the case of *People* v. *Barry,* 94 Cal. 481, 29 Pac. 1026, decided in 1892, a larceny was committed in a grocery store during business

hours, by a person who entered under the general invitation to the public to visit the store on lawful errands. The court in its opinion said this:

"A party who enters with the intention to commit a felony enters without an invitation. He is not one of the public invited, nor is he entitled to enter. Such a party could be refused admission at the threshold, or ejected from the premises after the entry was accomplished. If the presence of such a party in the store is lawful, the fact that he gained ingress openly and publicly through the front door, rather than clandestinely, by way of the skylight or the cellar, is not material, and the result would be that no burglary could be committed in a store during business hours, regardless of the nature of the entry."

In a more recent case in California, the facts are still more nearly parallel to the facts of this case. In *People* v. *Ferns,* 27 Cal. App. 285, 149 Pac. 802, the charge of burglary was based upon a theft committed by a lodger. The court said:

"No matter what may be said of the character of his entry, as to whether or not it was lawful, if he entered the room for the purpose and with the intent to commit the crime of grand or petit larceny, a perfect case of burglary was established."

Upon the element of intent, the jury was rightly instructed that, unless appellant entered the room of the complaining witness with the intent to steal, he was not guilty, leaving it to the jury to determine whether or not appellant had formed such an intent at the time of entering. The theft was at least a circumstance to be considered with all the other evidence in the case, to determine whether or not, at the time of entering the room, appellant already harbored the intent to steal. The weight to be given such evidence was for the jury, and the conclusion reached by it is conclusive upon the court.

In the case of *People* v. *José Soto,* 53 Cal. 415, the court says:

"The intent with which he entered was a question of fact for the jury; and though there was no direct evidence of the intent, it might be inferred from the surrounding circumstances." *People* v. *Brittain,* 142 Cal. 8, 100 Am. St. Rep. 95, 75 Pac. 314.

The judgment will be affirmed.

McALISTER, C. J., and ROSS, J., concur.