460 P.2d 7

**STATE of Arizona, Appellee,**

**v.**

**Henry Gamez VERDE, Jose Robles, and
Arturo Allen Robles, Appellants.**

**No. 1986.**

Supreme Court of Arizona.

In Banc.

Oct. 24, 1969.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

R. Lamar Couser, Tucson, for appellants.

HAYS, Justice.

Henry Gamez Verde, Jose Robles and Arturo Allen Robles were each convicted of a charge of second degree burglary and sentenced to a term of not less than two nor more than four years at the State Prison at Florence. Jose Robles was individually charged with and convicted of assault with a deadly weapon for which he was given a suspended sentence of five years.

As evidenced by the transcript of the testimony taken at the trial, the facts are as follows: On August 27, 1968, the three defendants entered the "Lucky" grocery store at 5540 E. 22nd Street, Tucson, sometime between 5:30 and 6:00 p. m. An employee of the store became suspicious of their behavior and alerted the store manager who observed the activities of the men through security windows at the rear of the store. No employee actually saw any one of the defendants take or conceal any merchandise on their persons, but when the manager saw that the defendants were making their way toward a rear exit of the store he intercepted them and asked them to step into the office.

Once inside the office, the manager requested that the defendants raise their shirts which were worn with the shirt tails hanging out; this request was refused. At some point during this confrontation, the defendant, Jose Robles, turned away from the sight of the others in the room and removed from under his shirt a 9½ pound boneless ham which he deposited in a wastepaper basket some three feet away. No witness was able to testify that they saw the merchandise under the shirt of Jose Robles, nor did anyone see him actually remove the ham from his person since his back was turned. However, there is testimony of at least two persons that they

saw the ham in the air as it was being tossed into the wastebasket. At this stage, the store manager went to the desk to telephone the police; Jose Robles then allegedly picked up a pair of scissors from the desk, and with his arm cocked, made his way toward the office door and out of the store, accompanied by his brother Arturo. Henry Verde was restrained by the employees and was placed under arrest by the police shortly thereafter.

Two of the defendants, Verde and Jose Robles, took the witness stand in their own defense and gave essentially the same account except Jose denied having taken the ham. Jose Robles further denied that he picked up a pair of scissors at any time. He testified that as the three of them headed toward the rear exit of the store, they were confronted by the store manager and several employees who escorted them into the office, and, after having made certain disparaging remarks about the defendants' ethnic background, directed them to lift their shirts. After they refused, one of the employees lifted a ham out of the wastebasket which he said he saw the defendant place there. The manager then proceeded to call the police. Jose testified that at this point he became angry at the manager's insults and insinuations and he raised his fist to strike the man, but restrained himself and walked out. He testified that he did not start to run until one of the employees threatened him with a vacuum cleaner.

The three defendants were charged with burglary and brought to trial together. Similarly, the charge of assault with a deadly weapon against Jose Robles was tried before the same jury.

After the jury retired to deliberate, counsel for the defense received the Court's leave to make a motion for a judgment of acquittal with the same force and effect as if it had been made at the close of the state's evidence, and had been renewed at the close of all the evidence. Counsel then moved for a directed verdict of acquittal as to all of the defendants on the burglary charge for the reason that, "the evidence is insufficient to go to the jury and insubstantial, and that the incriminating portion of the evidence is circumstantial and does not exclude every reasonable hypothesis of innocence." The defendants assign as error the trial court's refusal to grant the motion.

■ With respect to the charges of burglary, we find that the case is governed by our holding in State v. Owen, 94 Ariz. 354, 385 P.2d 227 (1963), wherein the defendant was charged with the burglary of a service station to which he had express or implied permission to enter. It was held by this Court, that notwithstanding a finding of theft, the Court could not reasonably reject the possibility that the intent to commit the theft was formed after a wholly innocent entry. The judgment of conviction was reversed. We find the same argument to be true as to the charges here.

A.R.S. § 13–302, covering the crime of burglary in Arizona, as it applies in this case requires a showing of an entry into the store with the intent to commit grand or petty theft, or any felony. Our holding in Owen, supra, establishes that the commission of theft is not sufficient evidence standing alone to establish an entry with preconceived criminal intent.

The prosecution did not introduce any evidence, even circumstantial, which would lead to a finding of criminal intent on the part of the defendants which was manifest prior to their entry into the store. The Court should have directed a verdict for defendants. The grocery store here involved is by its very nature open to the general public during business hours, and it invites the public to enter its premises. As stated in Owen, supra, "the scant evidence relating to the nature of the entry repudiates the notion that it was criminally motivated." For this reason, the verdict on the charges of burglary must be reversed as to each defendant. The defendants have raised other issues with regard to the trial of their causes on which we deem it

unnecessary to comment in light of our reversal on the above ground.

 There is a question which remains with regard to the charge of assault with a deadly weapon against Jose Robles. The defense moved for a severance of the separate charges against this defendant for the purpose of trial. In addition, the defendant moved for a directed verdict of acquittal on the ground that there had been no showing of an attempt to inflict injury upon anyone and no showing that any physical force had been applied by the defendant toward the complaining witness.

17 A.R.S., Rule 128 of the Rules of Criminal Procedure, provides for the consolidation of informations, charging two or more different offenses connected together in their commission. There can be no question but what these two charges are connected and arose out of the same set of facts and circumstances. It was not error on the part of the trial court in this case to refuse a severance of the separate counts for the purpose of trial. We find this to be especially true when it is considered that the same witnesses could properly be called to testify to the complete set of facts in each trial, even if separated. We hold that as to Jose Robles, the denial of severance was not error.

With regard to the motion for directed verdict of acquittal, we need only state that where there was evidence that the defendant had in his fist a pair of sharpened scissors, and that he approached the complaining witness with his arm cocked in a threatening manner, it was a question for the jury whether the defendant attempted to commit a violent injury on the person of another. We find that there is sufficient evidence in the record to allow the question to be submitted to the jury.

The convictions of the defendants, Henry Verde, Jose Robles and Arturo Robles on the charge of burglary in the second degree are reversed. The conviction of Jose Robles on the charge of assault with a deadly weapon is affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER, and McFARLAND, JJ., concur.