466 P.2d 29

The STATE of Arizona, Appellee,

v.

Charles JOHNSON, aka Charlie Johnson,
Appellant.

The STATE of Arizona, Appellee,

v.

Gillis HYGH, Appellant.

Nos. 2 CA–CR 188, 2 CA–CR 184.

Court of Appeals of Arizona,
Division 2.

March 10, 1970.

Gary K. Nelson, Atty. Gen., Phoenix, by Carl Waag, Asst. Atty. Gen., for appellee.

Krotenberg, Laber, Morrow & Lovallo, by Joseph A. Lovallo, Tucson, for appellants.

KRUCKER, Judge.

Appellants, Charlie Johnson and Gillis Hygh, were jointly tried, but represented by separate counsel, on a charge of burglary of a Circle K market in violation of A.R.S. § 13–302, as amended, and petit theft. They were convicted on both counts and separate appeals were taken. These appeals, by stipulation of counsel, were ordered consolidated.

The questions raised in both appeals are whether the court erred in refusing to grant a motion for directed verdict of acquittal and in refusing to grant a motion for new trial.

The defendants entered the Circle K market in question. Their car had been under surveillance by two Tucson police officers and had been followed from 1033 South Park Avenue to the market in question, which is in the 100 block of East Speedway. They were accompanied by a woman. All three entered the market, and the police, in a private conveyance (a station wagon), parked in front of the market. One of the officers concealed himself in a large box, which was on the rear floor of the station wagon, where he could observe the inside of the market without being seen. He also had a pair of binoculars.

The two defendants and the woman entered the store and went in various direc-

tions inside of the market. The woman selected several items to purchase and went to the east checkout counter and cash register. These items were rung up, and she then asked for a certain size camera film, which was kept under the west counter. She went around the u-shaped counter, and the manager went to the west counter to get the film, turning his back to the east counter and cash register. The cash register drawer had been left open at the time of ringing up the sale.

The police officer in the station wagon outside observed Defendant Hygh walk cautiously to the east register when the manager's back was turned, reach into the cash drawer, and take a $5 bill, which he put into his pocket. The officer rushed in, arrested Hygh, and found the $5 bill in his watch pocket. Hygh had no other money on him.

The manager testified that a check of the register revealed that approximately $5 was missing. The register had been previously checked by the manager at the shift change about 7:00 a. m. This incident occurred at about 10 or 10:30 a. m.

Defendants argue that there is no proof of intent to steal simultaneous with the entry to satisfy the charge of burglary as they had a right to be in the market, open to the public, and the intent to steal could have been conceived subsequent to the entry. Reliance is placed upon State v. Owen, 94 Ariz. 354, 385 P.2d 227 (1963). In the Owen case, defendant and companions had been given access to a service station to use its tools to repair their car. A cash register was removed in the absence of attendants, and the defendant was found about one hour later approximately 100 yards from the station attempting to open the register. The Owen case was tried to the court, and the Supreme Court reversed the conviction for the reason that there was not sufficient proof of intent to steal beyond a reasonable doubt when the defendant was given access to and use of the station premises.

We do not believe that the evidence in this case falls within the doctrine laid down in State v. Owen, supra, or the recent case of State v. Verde, 105 Ariz. 113, 460 P.2d 7 (1969), conceding that a theft, standing alone, is not sufficient to establish the requisite intent to sustain a burglary conviction.

Here, there is evidence of a preconceived plan. Defendant Hygh had no funds on his person, the female companion distracted the attention of the manager by asking for Kodak film after the cash register drawer was open, which caused the clerk to turn his back to the register and go to the west counter under which the film was kept. The woman was facing the cash register and defendant Hygh was then free to pilfer the register, which he did. The two defendants and the woman came to the market together in the same car, went to various locations inside the store so as to distract the clerk's attention, and accomplished the theft. We believe there was ample evidence to support an inference of the requisite intent, justifying submission to the jury.

Defendants also claim error in the admission of certain evidence which, they contend, hinted at prior bad acts and is grounds for a new trial. The two officers testified that they were engaged in plain-clothes surveillance and followed the defendants and female companion from South Park Avenue to East Speedway. The trial court granted defendants' motion in limine to exclude testimony of other possible similar crimes the day before as it was admitted by the prosecution that it could not establish a prima facie case as to the other acts.

We have examined the transcript, and the challenged testimony merely relates to the officers' assignment and duties. It was a necessary preliminary to show how they happened to be at the scene of the crime and was correctly admitted. See, State of Arizona v. Gortarez, 98 Ariz. 160, 402 P.2d 992 (1965). It did not indicate in any way

that the defendants had committed any other illegal act.

The judgments of conviction are affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.