523 P.2d 1304

In the Matter of the APPEAL IN MARICOPA COUNTY, JUVENILE ACTION NO. J–75755.

No. 11565–PR.

Supreme Court of Arizona, In Banc.

July 3, 1974.

Ross P. Lee, Maricopa County Public Defender, Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

Moise Berger, Maricopa County Atty., C. O. Lamp, Deputy County Atty., Phoenix, for appellee.

LOCKWOOD, Justice:

This petition for review was filed on behalf of the State of Arizona pursuant to Rule 28(a), 17A A.R.S. by the Maricopa County Attorney. We have been asked to review the decision of the Court of Appeals in the Matter of the Appeal in Maricopa County Juvenile Action No. J–75755, 21 Ariz.App. 542, 521 P.2d 641 (1974). In that decision the Court of Appeals' reversed an adjudication of delinquency by the juvenile court based on a finding that the juvenile had committed criminal trespass.

On April 9, 1973, a petition was filed in the juvenile court alleging that on or about March 30, 1973, the juvenile had committed burglary on the dwelling house of Lydia Gonzales and stole three dollars from her purse. On July 5, 1973 the hearing was held. The evidence presented at the hearing indicated that two other boys went into the house and took the money. The juvenile refused to accept any of the money. The juvenile took the stand in his own

defense and testified concerning what transpired in the following manner:

"A. Well, we was walking along and then Ralph asked us, did we want to go break in this house. And we said: Well, we ain't going to break in; we ain't going to take nothing; we are just going to walk in, you know.

"And Ralph said, 'Well, I will take something,' and he went inside. Cory, he stayed outside. I went inside and then a purse was laying on the thing and then Ralph picked it up and took all the money out, and then he told me to come in and help him check the house over; and I said, 'No, I'm going back out.'

"Then he called me chicken and then I went back out, and then he started checking the house over. He went until he was through." ·

The court granted a motion for a directed verdict for the juvenile as to the charge of petty theft. In addition the court found that there was no burglary but found that there was sufficient evidence to support a charge of "trespass". Accordingly the court adjudicated the juvenile delinquent. On appeal the adjudication was reversed on the ground that trespass was not a lesser included offense of burglary.

The first issue raised by the petitioner is whether the crime of trespass for which the juvenile was found to have committed is a lesser included offense of burglary with which he was originally charged. The general rule is that the accused may be convicted of an offense different from that which he was charged only if it is an included offense. State v. Parsons, 70 Ariz. 399, 222 P.2d 637 (1950); Peterson v. Jacobson, 2 Ariz.App. 593, 411 P.2d 31 (1966). This may occur under two circumstances: (1) the included offense is by its very nature always a constituent part of the major offense charged; or (2) the terms of the charging document describe the lesser offense even though the lesser offense would not always form a constituent part of the major offense charged. State v. Woody, 108 Ariz. 284, 496 P.2d 584 (1972).

The test to determine if an offense is a lesser included offense is whether the first (greater) offense cannot be committed without necessarily committing the second (lesser). State v. Branch, 108 Ariz. 351, 498 P.2d 218 (1972); State v. Woody, supra; State v. Sutton, 104 Ariz. 317, 452 P.2d 110 (1969); State v. Westbrook, 79 Ariz. 116, 285 P.2d 161 (1954).

Criminal trespass is defined by A.R.S. § 13-712(9) as:

"Loitering or prowling upon the private property of another, without the consent of or lawful business with the owner or occupant thereof."

Burglary is defined by A.R.S. § 13-302(A) as:

" * * * entering a building, dwelling house * * * with intent to commit grand or petty theft, or any felony, * * *."

Under certain circumstances a burglary can be committed where the accused had the permission of the owner of the property to be there. For example where the defendant had general permission to pass through the room of the victim in order to have access to his own room, but entered the victim's room with the intent to steal and did steal the victim's watch, he was guilty of burglary. The elements of breaking and unlawful entry were not essential to the statute. In McCreary v. State, 25 Ariz. 1, 212 P. 336 (1923) the court pointed out the distinction between statutory and common law burglary:

"Much of the reasoning upon which this appeal is based is due to a misunderstanding of the meaning and scope of the statute defining burglary. The statutory burglary is widely different from the common-law crime of the same name, and the reasoning and decisions of the courts cited by appellant have to do with the common-law burglary, which involves a breaking, and have little application to the offense in which breaking

is not an element. The statutory offense involves no unlawfulness of entry, except as the entry becomes unlawful by reason of the felonious or larcenous intent of the person entering. If appellant entered the room of the complaining witness under general permission to do so for the purpose of going to and from his own room, but with larcenous intent, the burglary of the statute was committed. The courts of other states have many times applied statutes in which breaking is not an element of burglary to conditions similar to the facts of this case. In the case of People v. Barry, 94 Cal. 481, 29 P. 1026, decided in 1892, a larceny was committed in a grocery store during business hours, by a person who entered under the general invitation to the public to visit the store on lawful errands." 25 Ariz. at 2, 212 P. at 336.

Thus the fact that the defendant had permission to go in and out of a service station was no defense to statutory burglary of the station if he subsequently entered with intent to steal the cash register. State v. Owen, 94 Ariz. 354, 385 P.2d 227 (1963).

In State v. Miller, 108 Ariz. 441, 501 P. 2d 383 (1972), this court held that because the burglary statute does not contain the common law requirement of breaking and entering and only requires a showing that the person entering the building with intent to commit theft or any felony, forcible trespass, A.R.S. § 13–711, is not a lesser included offense of burglary.

■ On the other hand the elements of trespass are loitering or prowling, on the property of another, and without the owner's permission. Thus it is apparent from the foregoing that the elements of the two offenses are different and that one is not a lesser included offense of the other.

Nevertheless the adjudication of delinquency may still be upheld. Rule 4(b), Rules of Procedure for the Juvenile Court, 17A A.R.S. provides that "A petition may be amended by order of the court at any time on its own motion or in response to the motion of any interested party before an adjudication; provided the parties are notified and granted sufficient time to meet the new allegations."

After hearing all the evidence presented by both sides, the juvenile court judge made the following statement:

"I think clearly there was a trespass and I think I perhaps stretch reasonable doubt when I say there was not a burglary here, as I think that is probably what the evidence discloses. But for reasons which I deem sufficient and wise, there will not be an adjudication of burglary. But I do find that there was a trespass and under the facts of this case, a lesser included offense. Accordingly, the Court finds and adjudicates [the juvenile] delinquent for that trespass."

■ It is apparent from the foregoing that the court had in effect amended the petition alleging acts of delinquency on the part of the juvenile. Under the circumstances of the case brought out by the testimony presented in court this was the proper response on the part of the juvenile court. However it appears from the record that the court should have permitted the parties sufficient opportunity to meet the new allegations. Therefore it is necessary to remand the case to the juvenile court in order to permit the parties an opportunity to address themselves to the allegation that the juvenile had committed trespass.

■ Finally the petitioner argues that the juvenile was denied equal protection and due process of the law when he was required to file his appeal together with a statement of grounds and supporting memoranda fifteen days after entry of the order appealed from, without benefit of the record or the reporter's transcript of the proceedings. This precise issue had been previously raised before the Arizona Court of Appeals in In Re Maricopa County, Juvenile Action No. J–72804, 18 Ariz.App. 560, 504 P.2d 501 (1972). In that case as in the case at bar, the argument of the appellant centered around the denial of equal

protection and denial of assistance of counsel pointing to the different appellate procedures applicable to adults and juveniles and the abbreviated time sequences applicable to juvenile appeals as compared to that of adult appeals. As was pointed out by the Court of Appeals, the argument fails under analysis because the equal protection clause of the Fourteenth Amendment to the United States Constitution merely requires that all individuals within a certain class be treated equally and that there exist a reasonable basis for the classification rather than all persons be treated alike. Rinaldi v. Yeager, 384 U.S. 305, 86 S.Ct. 1497, 16 L.Ed.2d 577 (1966); Carrington v. Rash, 380 U.S. 89, 85 S.Ct. 775, 13 L.Ed.2d 675 (1965). The basic rule is that discrimination or distinction does not violate the equal protection clause as long as it is rationally related to a legitimate state concern. The purpose of the juvenile appellate rules is to expedite and facilitate the handling of juvenile appeals. This alone is sufficient grounds for treating juvenile offenders in a different classification than adults. In Re Maricopa County, Juvenile Action No. J–73355, 110 Ariz. 207, 516 P.2d 580 (1973); In Re Maricopa County, Juvenile Action No. J–72804, supra.

It is also the contention of the petitioner that it is a denial of due process to require him to file his appeal and opening brief within fifteen days of the juvenile court's order appealed from pursuant to Rule 25, Rules of Procedure of the Juvenile Court, especially when the appeal is based upon evidentiary matters for which a reporter's transcript is required. As was pointed out in In Re Maricopa County Juvenile Action No. J–72804, 18 Ariz.App. at 565, 504 P.2d at 506:

> "This argument overlooks Rule 27(b), Rules of Procedure for the Juvenile Court, which allows the Court of Appeals to 'take the matter under advisement and order the filing of additional matters in the court, including but not limited to briefs, reporters' transcripts or exhibits.'

> "Counsel who are caught in the time trap of filing the notice of appeal and obtaining a transcription of the reporters' notes may and do make application to this court for relief. Given the proper classification between adults and juveniles and relief available in the appropriate case from stringent time limitations, appellant's attack on the appellate procedure for juvenile appeals on constitutional grounds must fail."

For the foregoing reasons the opinion of the Court of Appeals is vacated and the case is remanded to the Juvenile Court for further proceedings not inconsistent with this opinion.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.