534 P.2d 747
**The STATE of Arizona, Appellee,**

v.

**Gary Robert WILLIAMS, Appellant.**

**No. I CA–CR 907.**

Court of Appeals of Arizona,
Division 1, `
Department A.

May 1, 1975.
Rehearing Denied June 4, 1975.
Review Denied July 8, 1975.

Bruce E. Babbitt, Atty. Gen., by Ronald L. Crismon, Asst. Atty. Gen., Phoenix, for appellee.

Martin, Feldhacker & Friedl by William H. Feldhacker, Phoenix, for appellant.

**534**

## OPINION

OGG, Presiding Judge.

Appellant defendant Gary Robert Williams was convicted of burglary in the second degree and of grand theft. It is contended that in the course of the trial three errors were committed which require this court to reverse the convictions: (1) the state's failure to prove defendant's intent to commit the crime prior to his entry of the store; (2) admission into evidence of a list of the goods stolen, which list is allegedly subject to hearsay objections; and (3) the trial court's admission of the list into evidence when certain goods on the list were not available at the trial. After a review of the record and applicable law, we affirm the conviction.

■ Defendant Williams and another man, Robert Bangert, entered a Low Cost Store in Phoenix. Williams and Bangert entered the store and were noticed by a plain clothes security guard, Steven Boswell. Each subject obtained a shopping cart and proceeded through the store placing items in their respective carts. After five minutes or so Williams and Bangert pushed their carts into a non-food area. Williams left his cart, went to the front of the store, procured three empty shopping bags, returned to the cart. At this point they filled the bags with the items procured, produced a small stapler which had been brought into the store, stapled the bags and then Williams pushed the cart to the front of the store and passed it beneath a railing which designated the checkout area. Williams returned to the food area, selected more goods and then proceeded to the checkout line. Williams then went to the manager's area, where he asked for a pen to sign a card. At the same time Bangert entered the bakery area where he purchased more goods. Then, as they left the store, Williams pushed the cart with the purchased groceries and Bangert picked up the stolen goods. Once outside the store, Boswell placed them under arrest.

Conviction for the crime of burglary in the second degree requires that the intent to steal is formed prior to or simultaneous with the entry of the site of the theft. State v. Verde, 105 Ariz. 113, 460 P.2d 7 (1969); State v. Johnson, 11 Ariz.App. 478, 466 P.2d 29 (1970). The facts of this case present sufficient evidence from which a jury could reasonably determine that Williams had the required intent upon entering the store. The actions of the men were well conceived; the presence and the use of a stapler in the execution of the scheme indicates that the theft was not spontaneous. We conclude that sufficient evidence of intent existed to warrant the jury's conviction of Williams.

■ Appellant's second contention is that a list admitted into evidence was subject to hearsay defects and should have been excluded. The list was admitted under an exception to the hearsay rule as past recollection recorded. To admit a writing under that exception three requirements must be met:

> "(a) that he at one time had personal knowledge of the facts, (b) that the writing was, when made, an accurate record of the event, and (c) that after seeing the writing, he has not sufficient present independent recollection of the facts to testify accurately in regard thereto." Kinsey v. State of Arizona, 49 Ariz. 201, 217, 65 P.2d 1141, 1148 (1937); See also M. Udall, Arizona Law of Evidence § 180 (1966).

Appellant argues that the second requirement was not met. He contends that the security guard's list was in some respects a copy of two other employee's information. The record does not support that conclusion. The evidence demonstrates that Boswell made the list himself and that it was accurate when made. The other requirements for admission of the list under the past recollection recorded exception to the hearsay rule were also satisfied and the list was properly admitted.

■ A corollary argument made by appellant is that the chain of custody of the items described on the list was inadequate to insure accuracy of the items produced.

The security officer, Boswell, was present at all times the goods were being handled. There is no evidence suggestive of tampering or substitution of the goods and they were properly received into evidence. State v. Davis, 110 Ariz. 51, 514 P.2d 1239 (1973).

Security Officer Boswell, after compiling a list of the stolen goods, took them to his home for safekeeping. The perishables were stored in his freezer. After a month or so, Boswell returned the perishables to the store where they were subsequently sold.

■ Appellant Williams claims that since those perishables were not available at the trial, it was error to allow the jury to consider their value as represented by the list compiled by Boswell in determining the total value of the goods stolen. By analogy, we find Gedicks v. State, 62 Wis. 2d 74, 214 N.W.2d 569 (1974) applicable. There, the evidence, after being scientifically analyzed, was lost. The court held that the results of the test were admissible even though the physical evidence was not available. The loss of the evidence was to be considered by the jury in its determination of the weight to be placed on the results. Here, an accurate list of the stolen goods was made and the perishables were described on the list. While the goods were not available, the information on the list was.

Furthermore, an employee of Low Cost Stores testified regarding the value of the goods taken. The employee was available for cross-examination and any information or questions regarding the value of the disposed of goods could have been developed for the jury's consideration at that time. People v. Eddington, 53 Mich.App. 200, 218 N.W.2d 831 (1974).

We hold that no error was committed in the trial of this case and affirm the conviction of appellant Williams.

DONOFRIO and FROEB, JJ., concur.