633 P.2d 1057
**The STATE of Arizona, Appellee,**

**v.**

**James Asbury EMBREE, Appellant.**

**No. 2 CA–CR 2090.**

Court of Appeals of Arizona, Division 2.

July 7, 1981.

Rehearing Denied Sept. 3, 1981.

Review Denied Sept. 22, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Richard S. Oseran, Pima County Public Defender by Allen G. Minker, Asst. Public Defender, Tucson, for appellant.

## OPINION

HATHAWAY, Chief Judge.

Defendant Embree was tried to a jury and convicted of third-degree burglary, A.R.S. Sec. 13–1506. He allegedly burglarized Levy's department store in Tucson on December 17, 1979, by removing a girl's coat valued at $88. Four questions dealing with the trial court's refusal to grant defense instructions are raised on appeal. We find them to be without merit.

First, it is contended that "the trial court committed error in refusing to instruct the jury on any difference between burglary and shoplifting." No authority is cited to us for the proposition that the trial court is required to instruct on the difference between the crime charged and others not charged, and we are aware of none. The trial judge is required to instruct on the law applicable under the actual charges. Arizona Constitution, art. 6, Sec. 27 (Supp. 1980–81).

The trial judge instructed the jury as follows:

"Under our statutes in Arizona, the crime of burglary in the third degree requires proof that the defendant entered or remained in Levy's with the intent to commit a theft or some felony therein."

Appellant contends the trial court erred when it refused to give the following instruction based on the language of A.R.S. Sec. 13–1501(1):

" 'Entering or remaining unlawfully' means an act of a person who enters or remains on premises when such person's intent for so entering or remaining is not licensed, authorized or otherwise privileged."

Appellant argues that this instruction was mandatory since under A.R.S. Sec. 13–1501(1), a person can be charged with burglary by remaining on the premises with the requisite intent *only* if he remains in the store after the normal hours in which the public is invited. We are unable to agree.

The legislature rejected this interpretation when it chose the wording of A.R.S. Sec. 13–1501(1). The Arizona Criminal Code Commission's proposed Sec. 1500(b) defined "enter or remain unlawfully" as:

"...an act of a person who enters or remains on premises when he or she is not licensed, invited or otherwise privileged to do so. Regardless of intent, a person who enters or remains on premises open to the public does so with license and privilege unless he or she defies a lawful order not to enter or remain."

The report commentary states that this definition would "thus preclud[e] burglary convictions for entering perpetually-accessible structures such as public phone booths or toilet stalls .... " By adopting the present, contrary wording to define "enter or remain unlawfully," the legislature indicated its unwillingness to accept the commission's and the appellant's definition. When a person's intent in remaining on premises is for the purpose of committing "a theft or some felony therein," such individual is no more welcome than one who initially entered with such intent. Long before our present criminal code, in *McCreary v. State,* 25 Ariz. 1, 212 P. 336 (1923), the Arizona Supreme Court rejected the notion that permission to enter premises extended to entry with felonious or larcenous intent. The court observed:

> "The statutory offense involves no unlawfulness of entry, except as the entry becomes unlawful by reason of the felonious or larcenous intent of the person entering. If appellant entered the room of the complaining witness under general permission to do so for the purpose of going to and from his own room, but with larcenous intent, the burglary of the statute was committed." *Id.* at 2, 212 P. 336.

The court quoted with approval from *People v. Barry,* 94 Cal. 481, 29 P. 1026 (1892), wherein larceny was committed in a grocery store during business hours:

> "A party who enters with the intention to commit a felony enters without an invitation. He is not one of the public invited, nor is he entitled to enter. Such a party could be refused admission at the threshold, or ejected from the premises after the entry was accomplished. If the presence of such a party in the store is lawful, the fact that he gained ingress openly and publicly through the front door, rather than clandestinely, by way of the skylight or the cellar, is not material, and the result would be that no burglary could be committed in a store during business hours, regardless of the nature of the entry." 25 Ariz. at 3, 212 P. 336.

*McCreary* was reaffirmed in *State v. Owen,* 94 Ariz. 354, 385 P.2d 227 (1963). Also, *see*

*State v. Van Dyke,* 127 Ariz. 335, 621 P.2d 22 (1980). Likewise, under the burglary statute before us, the nature of a person's presence on the premises, i. e., the means used for gaining entry or for remaining, is not material. Appellant's reliance on *State v. Rogers,* 83 N.M. 676, 496 P.2d 169 (1972), and the Colorado case upon which the New Mexico court relies, *People v. Carstensen,* 161 Colo. 249, 420 P.2d 820 (1966), is misplaced. In *Carstensen,* the Colorado Supreme Court specifically rejected the important California case, *People v. Barry,* followed in our jurisdiction. Moreover, we believe that the Arizona legislature clearly intended to include within the burglary statute those who form the intent to commit theft or a felony while inside the nonresidential structure.

■ Appellant's actions may have been punishable as shoplifting or as third-degree burglary. The state was not bound to select the lesser charge. Its opting to prosecute under the harsher statute is permissible, absent selective enforcement, based on an unjustifiable classification. *United States v. Batchelder,* 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979).

■ Appellant contends that the trial court erred in refusing to find that shoplifting was a lesser included offense of burglary and refused to so instruct the jury. The test of a lesser included offense is whether the greater offense cannot be committed without necessarily committing the lesser offense. The elements of the crime as described in the statute determine whether a crime is a lesser included offense of a greater offense, and not the facts of each case. Facts may support a lesser offense, but if not charged, the lesser offense may not be found. *State v. Laffoon,* 125 Ariz. 484, 610 P.2d 1045 (1980). In *State v. Robertson,* 128 Ariz. 145, 624 P.2d 342 (1981), we held that shoplifting is not a lesser included offense of theft because one *can* commit theft without also satisfying all the elements of shoplifting. Similarly, it is possible to commit the crime of burglary without meeting the requirements of the shoplifting statute.

■ Appellant requested jury instruction number two, which provided:

"The defendant has invoked the defense of mistake. A mistaken belief as to a matter of fact does not relieve a person of criminal liability unless it negates the culpable mental state required for commission of the offense."

It was pointed out that this instruction is taken from A.R.S. Sec. 13–204. In *State v. Rupp*, 120 Ariz. 490, 586 P.2d 1302 (App. 1978), an instruction in the language of former A.R.S. Sec. 13–134, the predecessor of A.R.S. Sec. 13–204, was refused. Here, as in *Rupp*, the jury was adequately instructed on the state's burden of proof, and refusal to give the instruction was not error.

■ Finally, appellant contends that the trial court erred in refusing his requested instruction number three, which would have told the jury:

"Theft, standing alone, is not sufficient to establish the intent required to sustain a burglary conviction." *State v. Johnson*, 11 Ariz.App. 478, 466 P.2d 29 (1970).

*Johnson*, decided under the former burglary statute, where entry with intent was required, is no longer apposite. Under the old statute, a theft after entry would not necessarily indicate that the person entered with the necessary intent. Now, as discussed above, the requisite intent may be formed after entry, and what occurs on the premises may well constitute circumstantial evidence of burglarious intent. The instruction was properly refused.

Affirmed.

HOWARD and BIRDSALL, JJ., concur.