776 P.2d 811

**The STATE of Arizona, Appellee,**

v.

**Simon Lee BELCHER, Appellant.**

**No. 2 CA–CR 88–0516.**

Court of Appeals of Arizona,
Division 2, Department A.

July 18, 1989.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Tucson, for appellee.

Edward H. Laber, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant was found guilty after a jury trial of one count of third-degree burglary. The trial court found appellant had two prior felony convictions and sentenced him to an enhanced mitigated term of nine years' imprisonment.

Appellant and a male companion were observed by a department store security officer who testified that she had seen appellant in the store on previous occasions, once with the same companion. Appellant was seen taking several pair of blue jeans into a fitting room. His companion remained at the display rack removing merchandise. Appellant came out of the fitting room, put several pair of jeans back on the rack, and selected three more pair which he placed on his companion's load of merchandise. Both men then walked out of the store without attempting to pay for the merchandise.

Both men were apprehended by store personnel and taken back into the store to await the arrival of police officers. Appellant's companion was carrying 14 pair of jeans. Appellant was wearing two pair of jeans under his own trousers. The stolen jeans were worth $482.

Appellant raises three issues on appeal: (1) whether the third-degree burglary statute, A.R.S. § 13–1506, is unconstitutionally vague; (2) whether there was insufficient evidence to prove his intent when he entered or remained in the store, and (3) whether the state failed to prove a prior conviction beyond a reasonable doubt. We affirm.

Appellant first argues that the burglary statute is unconstitutionally vague.

A.R.S. § 13–1506(A) states: "A person commits burglary in the third degree by entering or remaining unlawfully in or on a nonresidential structure or in a fenced commercial or residential yard with the intent to commit any theft or any felony therein." The term "enter or remain unlawfully" is defined in A.R.S. § 13–1501(1): " 'Enter or remain unlawfully' means an act of a person who enters or remains on premises when such person's intent for so entering or remaining is not licensed, authorized or otherwise privileged."

Appellant argues that there is no evidence of his intent when he entered the store nor even of when he entered the store. Therefore, he argues that "remain unlawfully" in the pertinent part of the statute and the point at which a person unlawfully remains in or on a structure is unconstitutionally vague.

The concept of "unlawfully" remaining is such a common one that no further definition is necessary. "The basic rule in reviewing a statute for vagueness is to determine whether the offense is defined in terms that people of average intelligence can understand." *State v. Varela*, 120 Ariz. 596, 599, 587 P.2d 1173, 1176 (1978). A statute drafted in non-technical terminology so as to be generally understandable cannot be constitutionally vague. The Supreme Court of Nebraska has stated that, "The term 'unlawfully' is a word of common usage and as such need not be specifically defined in an instruction or statute," being generally understood to denote an act done without authorization. *State v. Neal*, 187 Neb. 413, 415–19, 191 N.W.2d 458, 460–61 (1971). The Supreme Court of South Dakota likewise found "unlawfully" to be a commonly understood term in *State v. Henry*, 87 S.D. 454, 462–64, 210 N.W.2d 169, 174–75 (1973). Appellant's further argument that the trial court erred in not giving a jury instruction defining "licensed, authorized or otherwise privileged" which thereby contributed to the vagueness of the statute is without merit. These terms are commonly understood by the average person without a dictionary. No jury instruction was necessary. We do not find the statute unconstitutionally vague.

Appellant's second argument is that there was insufficient evidence to prove his intent when he remained in the store. In an evidentiary review, the facts must be viewed most strongly in favor of upholding the jury's verdict. *State v. Parker*, 113 Ariz. 560, 558 P.2d 905 (1976). There is no obligation on the trial court to grant a motion for acquittal where there is substantial evidence that the accused has committed the crime charged. *State v. Mosley*, 119 Ariz. 393, 581 P.2d 238 (1978). It is clear from the evidence that appellant had the intent to steal the two pair of jeans when he put them on and then put his own trousers over them in the fitting room. The requisite intent to commit burglary may be formed after a person enters a store in all innocence. *State v. Embree*, 130 Ariz. 64, 633 P.2d 1057 (App.1981). The trial court did not err in denying the motion for directed verdict of acquittal.

Appellant's final argument is that the state failed to prove his prior conviction beyond a reasonable doubt. The sole basis for his argument is that the attorney who had worked on a post-conviction relief proceeding in the prior case could not positively identify him. She stated she had only seen him two or three times a couple of years ago. Appellant ignores the testimony of a criminalist that a fingerprint he personally took from appellant, in evidence, matched the print on another exhibit in evidence, a group of documents from the Department of Corrections, pertaining to the prior convictions which included a picture of the person convicted. The trial court reviewed all the evidence and found, beyond a reasonable doubt, that appellant was the same person as the person who was previously convicted. We find no error.

Affirmed.

LIVERMORE, P.J., and HOWARD, J., concur.