953 F.2d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Simon Lee BELCHER, Petitioner-Appellant,
v.
Roger CRIST, et al., Respondent-Appellee.
 No. 91-15294.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 13, 1992.*
Decided Jan. 17, 1992.
 
 Before GOODWIN, FLETCHER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pro se appellant Simon Belcher was found guilty after a jury trial in Arizona Superior Court of one count of third degree burglary in violation of the Arizona burglary statute, A.R.S. § 13-1506, and received an enhanced but mitigated term of nine years in prison. Appellant raises two issues in his petition for federal habeas corpus review: that the Arizona burglary statute is unconstitutionally vague and that the evidence is insufficient to support his conviction.[1]
 
 FACTS AND PROCEEDINGS
 
 3
 The facts in this case are undisputed. Appellant and a male companion entered a department store during regular business hours. Appellant selected several pairs of pants, entered the dressing room, and put on two pairs of the pants under his own. After exiting the store with the unpaid-for-goods, he was stopped by a store security guard and arrested.
 
 
 4
 After an unsuccessful appeal to the Arizona Appellate Court in State v. Belcher, 776 P.2d 811 (Ariz.App.1989), Appellant neither filed a Petition for Review with that court nor sought review of his case by the Arizona Supreme Court. Thus, the court of appeal's mandate issued. The Appellant subsequently filed with the supreme court an improper Petition for Statutory Special Action in which he requested review of the appellate decision. The supreme court dismissed the petition as untimely without reviewing the merits.
 
 
 5
 I. Jurisdiction.
 
 
 6
 It is clear that although the Appellant has met the exhaustion requirement for federal habeas review because there is no presently available state remedy by which he can raise his claim, see Engle v. Isaac, 456 U.S. 107, 125 n. 28 (1982), White v. Lewis, 874 F.2d 599, 602 (9th Cir.1989), he has defaulted procedurally on his claim. When a petitioner at one time could have raised his claim in state court but did not and is now barred from doing so by a state rule of procedure, he has defaulted procedurally on his claim. Fay v. Noia, 372 U.S. 391, 399 (1963); Reed v. Ross, 468 U.S. 1, 11 (1984). The petitioner is barred from raising his claim in federal court unless he can demonstrate cause for his procedural default and actual prejudice from the alleged constitutional violation. Reed v. Ross, 468 U.S. at 12-16; Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 906-08 (9th Cir.1986).
 
 
 7
 Unlike exhaustion, however, if the state has not raised the cause and prejudice issue, the state can be held to have waived it. Batchelor v. Cupp, 693 F.2d 859, 864 (9th Cir.1982), cert. denied, 463 U.S. 1212 (1983); cf. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 906 n. 1 (9th Cir.1986) (once the state has raised the issue below, the court can reach the issue on appeal even if the state does not argue the issue on appeal). Here the state never contested Appellant's petition for federal habeas review with the federal district court on the grounds of procedural default. In fact, the state asserted in its briefs to this court that Appellant had met his federal habeas jurisdictional requirements.
 
 
 8
 For the above reasons, and because the Appellant has met the 28 U.S.C. § 2253 requirement of the receipt of a certificate of probable cause and his appeal was timely under the Federal Rules of Appellate Procedure 4(a)(4), we have jurisdiction over this appeal. We will decide the presented issues on the merits without first undergoing a separate cause and prejudice analysis.
 
 
 9
 II. Standard of Review.
 
 
 10
 This court reviews de novo a district court's decision on a petition for habeas corpus. Carter v. McCarthy, 806 F.2d 1373, 1375 (9th Cir.1986), cert. denied, 484 U.S. 870 (1987). It reviews for clear error any factual findings made by the district court in deciding the petition. Hayes v. Kincheloe, 784 F.2d 1434, 1436 (9th Cir.1986), cert. denied, 484 U.S. 871 (1987).
 
 ANALYSIS
 
 11
 I. The Constitutionality of A.R.S. § 13-1506.
 
 
 12
 Appellant argues that the Arizona burglary statute, A.R.S. § 13-1506, is unconstitutionally vague. The pertinent part of the statute reads: "A person commits burglary in the third degree by entering or remaining unlawfully in or on a nonresidential structure or in a fenced commercial or residential yard with the intent to commit any theft or any felony therein." The term "enter unlawfully" is defined in A.R.S. § 13-1501(1) as "an act of a person who enters or remains on premises when such person's intent for so entering or remaining is not licensed, authorized or otherwise privileged."
 
 
 13
 Appellant's main contention is that "remain unlawfully" is unconstitutionally vague because the point of time in which the necessary intent is formed is undefined. Further, because the same conduct theoretically could be charged as either burglary or shoplifting, he argues, the statute allows law enforcement officers and courts to prosecute misdemeanor shoplifting conduct as felony offenses of burglary in the third degree.
 
 
 14
 The test for unconstitutional vagueness is whether the law gives sufficient warning that men may conduct themselves so as to "avoid that which is forbidden." Rose v. Locke, 423 U.S. 48, 50 (1975); State v. Varela, 587 P.2d 1173, 1176 (Ariz.1978) ("basic rule for determining vagueness is whether the offense is defined in terms that people of average intelligence can understand").
 
 
 15
 The Arizona Appellate Court found that the phrase "enter or unlawfully remain" was not vague: "The concept of 'unlawfully' remaining is such a common one that no further definition is necessary." Belcher, 776 P.2d at 812. It noted that a number of other jurisdictions have held similarly. See, e.g., State v. Neal, 191 N.W.2d 458, 460-61 (Neb.1971) (" 'unlawfully' is a word of common usage and as such need not be specifically defined"); State v. Henry, 210 N.W.2d 169, 174-75 (S.D.1973) ("unlawfully" is self-explanatory).
 
 
 16
 We agree with the Arizona Appellate Court. The burglary statute clearly states that the requisite unlawful intent may be held at the time of entering the building or may be formed when the defendant has already entered the building. Thus, the point of time in which the necessary intent is formed is not undefined. We also reject Appellant's implicit contention that the burglary statute does not warn sufficiently of the possibility of being charged for burglary in a building left open to the public. To the contrary, we find that both the legislative history and case law dealing with this aspect of the statute sufficiently clear: even where physical entry is objectively legitimate, entry is unlawful if the defendant's subjective intent is to commit a felony. See e.g., State v. Altamirano, 803 P.2d 425, 427-28 (Ariz.App.1990) (although person enters another's premises lawfully, presence can become unlawful if that person remains there with intent to commit felony); State v. Embree, 633 P.2d 1057, 1058-59 (Ariz.App.1981) (legislature intended to have burglary statute apply to those who enter premises even during normal business hours); State v. Van Dyke, 621 P.2d 22, 23-24 (Ariz.1980) (citing long line of Arizona cases showing that even where the physical entry into a building is objectively legitimate, entry will be illegal if the defendant's subjective intent is to commit a felony).
 
 
 17
 Appellant's second argument also is without merit. Although some of the elements that constitute shoplifting[2] also constitute burglary, they are not the same crime. The Arizona Supreme Court has held that the Arizona crime of shoplifting is not a lesser included offense of burglary and that the requirements for each differ. Embree, 633 P.2d at 1059; see also, State v. Madrid, 552 P.2d 451, 452 (Ariz.App.1976) (distinguishing the statutory crimes of burglary and shoplifting in part by the fact that no actual taking is required for burglary). Appellant's acts may have been punishable as shoplifting or third-degree burglary. The state had the option of prosecuting under either statute. Absent selective enforcement, which Appellant has not alleged, the state's decision to charge Appellant with third degree burglary was permissible. See United States v. Batchelder, 442 U.S. 114 (1979).
 
 
 18
 II. Sufficiency of the Evidence.
 
 
 19
 Appellant's second argument is that the state did not introduce sufficient evidence at trial to prove his intent to commit theft or a felony when he remained in the department store. He also argues that intent cannot be inferred from facts alone. A petitioner is entitled to a habeas remedy based on such a claim if the evidence of record is so deficient that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324 (1979). We must give deference to the judgment of the state appellate court and must conduct the review in the light most favorable to the prosecution. Id.
 
 
 20
 The Arizona Appellate Court, sustaining the jury's holding, found that it was "clear from the evidence that appellant had the intent to steal the two pair of jeans when he put them on and then put his own trousers over them in the fitting room." Belcher, 776 P.2d at 812. We agree. It is firmly established that felonious intent may be shown by circumstantial evidence. State v. Talley, 540 P.2d 1249, 1250 (Ariz.1975); State v. Miller, 452 P.2d 509 (Ariz.1969) (en banc); State v. Rood, 462 P.2d 399, 400 (Ariz.App.1969). Appellant has admitted selecting the pants, secreting them under his own clothing, and walking out of the department store. Generally, a man is considered to have intended his acts. We therefore believe that there is sufficient evidence to find that Appellant had the requisite attempt to commit a felony in the department store. Whether Appellant already had formed the intent to steal the pants when he entered the department store as the state argues, we need not decide. It is enough that he had the intent while he was within the department store. Although the whole process took only about ten minutes, we are aware of no authority that puts a time requirement on the amount of time needed to form intent.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 3(f)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 Appellant raises three claims on appeal that were not raised below in the district court, including ineffective assistance of counsel, that the Arizona burglary statute creates improper burden-shifting conclusive presumptions, and that his trial was unfair because of the knowing use of perjury by the prosecution. Because these claims were not raised below, we will not address them here. Willard v. People of State of Cal., 812 F.2d 461, 465 (9th Cir.1987); Ahlswede v. Wolff, 720 F.2d 1108, 1109 (9th Cir.), cert. denied, 469 U.S. 873 (1984). Although we have discretion to address those claims not raised below that are purely legal or require no further development of the record, United States v. Bigman, 906 F.2d 392, 395 (9th Cir.1990), neither exception is present here
 
 
 [2]
 The relevant part of the shoplifting statute, A.R.S. § 13-1805 (West 1989) states:
 A person commits shoplifting if, while in an establishment in which merchandise is displayed for sale, such person knowingly obtains such goods of another with the intent to deprive him of such goods by: 1. Removing any of the goods from the immediate display or from any other place within the establishment without paying the purchase price....