NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

LAMAR DAMAR DOUGLAS, JR., *Appellant.*

No. 1 CA-CR 21-0082
FILED 12-16-2021

---

Appeal from the Superior Court in Maricopa County
No. CR2019-144060-001
The Honorable Frank W. Moskowitz, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Brian R. Coffman
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Rena Glitsos
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge David B. Gass delivered the decision of the court, in which Presiding Judge D. Steven Williams and Judge James B. Morse Jr. joined.

---

**G A S S**, Judge:

¶1        Lamar Douglas appeals his convictions for arson of an occupied structure and burglary. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        This court reviews the facts in the light most favorable to sustaining the jury's verdict, resolving all reasonable inferences against Douglas. *See State v. Felix*, 237 Ariz. 280, 283, ¶ 2 (App. 2015).

¶3        At around 10:00 p.m., police responded to a call of a possible fire in a Peoria apartment complex. Upon arrival, officers saw a man and smoke inside one of the apartments. The man was Douglas. After helping Douglas safely leave the apartment, officers detained him and read him his *Miranda* rights. Douglas acknowledged those rights and continued to answer officers' questions.

¶4        During questioning, Douglas claimed an unknown individual chased him after Douglas got off a bus. He then told officers he entered the apartment around 7:30 p.m., looking for a friend. Douglas told officers he felt the need to seek help while inside the apartment, which was when he lit his T-shirt on fire as a signal. Approximately two and a half hours passed between Douglas entering the apartment building and police receiving the call of a fire.

¶5        At trial, a fire inspector said she found a lighter, a metal rod, and a burnt T-shirt on the floor of the apartment's guest bathroom. She also saw the electrical outlet, the bath fan, and some drywall had been burned. She also found burnt material in the bathroom sink and on the floor. The property manager testified the apartment sustained fire and water damage. She said no one had been living in the apartment unit at the time because it was being renovated.

¶6        A jury found Douglas guilty of arson of an occupied structure (Count 1) and burglary in the second degree (Count 2). The State dismissed

the allegation of dangerousness on the arson offense. The superior court sentenced Douglas to concurrent terms of ten and a half years for Count 1 and seven and a half years for Count 2. Douglas timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 13-4031 and 13-4033.A.1.

## ANALYSIS

### I.      Sufficiency of the Evidence

**¶7**      Douglas first argues his convictions lack sufficient evidence. Citing *In re Winship*, 397 U.S. 358 (1970) and *Jackson v. Virginia*, 443 U.S. 307 (1979), he contends the record fails to support the jury finding beyond a reasonable doubt on two separate elements. First, he argues the evidence does not support a finding he knowingly caused fire damage. Second, he argues the evidence does not support a finding he entered or remained in the apartment to cause fire damage. We disagree.

**¶8**      This court reviews *de novo* whether sufficient evidence supports a conviction. *State v. Pena*, 235 Ariz. 277, 279, ¶ 5 (2014). Evidence is sufficient if the record contains "substantial evidence" of guilt, meaning evidence "reasonable persons could accept as sufficient to support a guilty verdict beyond a reasonable doubt." *Id.* (citation omitted).

#### A.      Arson

**¶9**      To support Douglas's arson conviction, substantial evidence in the record must show: (1) Douglas knowingly and unlawfully damaged an occupied structure; and (2) he did so by knowingly causing a fire or explosion. *See* A.R.S. § 13-1704.A. Douglas specifically challenges the knowingly and unlawfully elements because the body camera footage shows Douglas told officers he set his T-shirt on fire to signal for help, then put it out "right away." Knowingly means "a person is aware or believes that the person's conduct is of that nature or that the circumstance exists." A.R.S. § 13-105(10)(b). The criminal statutes define "unlawful" as "contrary to law or, where the context so requires, not permitted by law." A.R.S. § 13-105(40).

**¶10**      The record contains substantial evidence from which a reasonable juror could conclude Douglas knowingly and unlawfully damaged the apartment by knowingly causing a fire. At trial, two officers testified they saw smoke upon arriving on scene. One officer also said Douglas admitted he had entered the apartment and lit his T-shirt on fire to signal for help. After the fire department left, one officer and the fire

inspector said they went inside the apartment and saw damage to several items in the bathroom, including a lighter, a metal rod, and a burnt T-shirt. They also saw burn damage to a bath fan, a ceiling fan, and an electrical outlet.

¶11          Douglas's argument relies heavily on his reason for setting his T-shirt on fire: he felt he was in danger from the individual who had chased him earlier. His motive, however, is not an element for arson of an occupied structure. *See* A.R.S. § 13-1704.A; *see also State v. Hunter*, 136 Ariz. 45, 50 (1983) (explaining when motive is not an element of the charged crime, it can be relevant, but not essential for conviction). Moreover, the jury was not required to believe Douglas's stated reasons for starting the fire. *See State v. Clemons*, 110 Ariz. 555, 557 (1974) ("The principle applies equally to the testimony of an accused because, being an interested witness, the jury is not compelled to accept his story or believe his testimony."). Instead, jurors may "infer [a defendant's mental state] from [the defendant's] behaviors and other circumstances surrounding the event." *State v. Noriega*, 187 Ariz. 282, 286 (App. 1996). Here, after weighing all the evidence, the jury did not find the evidence of Douglas's stated motive outweighed the other evidence satisfying the elements for arson.

### B.      Burglary

¶12          To sustain Douglas's second-degree burglary conviction, the record must show: (1) Douglas entered or remained unlawfully in a residential structure; and (2) he did so with the intent to commit any theft or any felony therein. *See* A.R.S. § 13-1507.A. To enter or remain unlawfully "means an act of a person who enters or remains on premises when the person's intent for so entering or remaining is not licensed, authorized or otherwise privileged." A.R.S. § 13-1501(2).

¶13          The record also contains ample evidence from which a reasonable juror could conclude Douglas committed second-degree burglary by entering or remaining unlawfully in a residential structure with the intent to commit arson. The State presented evidence of Douglas telling police he entered the apartment complex and lit his T-shirt on fire to signal for help. The manager of the complex also testified no one was supposed to be living in the apartment, though tenants occupied other units. Because two and a half hours passed between the time Douglas entered the apartment and the time he started the fire, sufficient evidence supports the conclusion Douglas remained in the apartment unlawfully.

**¶14** Douglas also argues the State failed to present evidence of him walking police through the sequence of events, and evidence of whether he had any drugs or substances in his system that could have altered his perception of events. This court, however, reviews a claim of insufficient evidence "only to determine whether substantial evidence supports the jury's verdict." *State v. Cox*, 217 Ariz. 353, 357, ¶ 22 (2007). This court overturns a conviction when "there is a complete absence of probative facts to support the conviction." *State v. Soto-Fong*, 187 Ariz. 186, 200 (1996) (quoting *State v. Scott*, 113 Ariz. 423, 424–25 (1976)). Because we do not find an absence of probative facts in the record, we reject this argument.

**¶15** Based on the evidence presented at trial, a reasonable jury could have found Douglas guilty of arson and burglary. Accordingly, sufficient evidence supports his convictions.

## II. Jury Instructions

**¶16** Douglas also alleges the superior court committed fundamental error when it failed *sua sponte* to give the jury a statutory definition of "unlawful," and in so doing, the superior court violated his due process rights. He argues the superior court should have given the jury the definition of "unlawful" from § 13-105(40) because it was an essential element of the arson charge. Fundamental-error review applies because Douglas neither requested the instruction nor objected to its absence at trial. *See State v. Bearup*, 221 Ariz. 163, 168, ¶ 22 (2009); *State v. Gomez*, 211 Ariz. 494, 499, ¶ 20 (2005).

**¶17** To obtain relief on fundamental-error review, a defendant first must show trial error exists. *State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018). If error exists, the defendant then must establish the error: (1) went to the foundation of the case; (2) took away a right essential to the defense; or (3) was so egregious the defendant could not possibly have received a fair trial. *Id.* An error is prejudicial when a reasonable juror could have reached a different verdict, an inquiry requiring more than "imaginative guesswork." *Id.* at 144, ¶ 31.

**¶18** Here, the superior court correctly instructed the jury: arson of an occupied structure required proof Douglas "knowingly and unlawfully damaged an occupied structure" and "did so by knowingly causing a fire." *See* A.R.S. § 13-1704. This court has said the term "unlawfully" is a commonly understood term requiring no further definition. *See State v. Belcher*, 161 Ariz. 133, 134 (App. 1989). For the same reason, we reject Douglas's argument. The superior court, therefore, did not err, let alone

commit fundamental error. *See State v. Doerr*, 193 Ariz. 56, 65, ¶ 35 (1998) ("Where the law is adequately covered by instructions as a whole, no reversible error has occurred.").

**CONCLUSION**

¶19        We affirm Douglas's convictions.



AMY M. WOOD • Clerk of the Court
FILED:    AA