COLE, Judge.
Richard Korkosz appeals a judgment of disposition rendered following an adjudication of juvenile delinquency. The issue is whether or not the state proved beyond a reasonable doubt appellant committed the charged offense of hit and run driving. Because we find the state did not meet its burden, we reverse.
This case arose from an incident occurring on Highland Avenue in Denham Springs. Appellant, age 16, was driving a pickup truck and was accompanied by Troy Bell. Linda Sibley, age 13, and Rene Manor were walking along the edge of the street, headed in the same direction as the truck. All witnesses testified the truck moved from its own lane into the left lane in order to pass close to the girls. As the truck approached from the rear the girls moved onto the shoulder of the road. After the truck had passed, Linda realized the truck had made contact with her right elbow. She became aware of this fact because of a scratch on her elbow. Each girl testified there was no noise upon impact. The girls continued to walk along the shoulder of the road and did not call out or motion to Richard to inform him the truck had hit Linda. Richard and Troy each stated they had no knowledge that the truck had made contact with Linda. The record reflects Troy looked back after the truck had passed and did not observe anything unusual about the behavior of the girls.
The La.Code of Juvenile Procedure (La.C. J.P.) art. 73 sets forth the burden of proof required in an adjudication proceeding. The article reads in part as follows:
“If the petition requests that the child be adjudicated a delinquent, the state shall prove beyond a reasonable doubt that the child committed a delinquent act alleged in the petition.”
In this case the petition filed seeks to have Richard Korkosz adjudicated a juvenile delinquent for violation of La.R.S. 14:100[1] in that “he did while operating a pickup strike one Linda Sibley and then left the scene of the accident.”
As can be seen by reading La.R.S. 14:100, the failure to stop to render aid must be an intentional act. In order to *334 intentionally fail to stop the driver must be aware that an accident has occurred. The official comments to La.R.S. 14:100 indicate the word “intentional” was added specifically because many accidents happen at night and the driver is not aware that an accident has occurred. The record indicates although Linda was aware of the impact between herself and the truck, she did not cry out, fall down or attempt to alert the driver that an accident had occurred. Indeed, when the passenger turned around to look at the girls there was ample opportunity to make motions that would inform the boys Linda had been hurt. Instead, the girls simply continued to walk along the road. The state has not proven beyond a reasonable doubt that the driver intentionally failed to stop to give aid.
The logical question that arises next is whether or not the trial judge has the discretion to adjudicate appellant a delinquent based on the evidence before him, regardless of the particular offense charged. We find that unless the appellant is guilty of committing a lesser and included offense, the trial judge cannot adjudicate him a delinquent.
The Supreme Court has recently held a juvenile’s constitutional right to due process and fair notice are not violated when he is adjudicated a delinquent on the basis of evidence showing he has committed a lesser included offense, rather than the greater offense charged. State In Interest of Batiste, 367 So.2d 784 (La.1979). The defendant will have fair notice because by definition the lesser offense will consist of some element charged in the greater offense.
An examination of La.R.S. 14:100 reveals the offense of hit and run driving does not contain any lesser and included offenses. Although appellant could have been appropriately charged with other crimes such as negligent injury (La.R.S. 14:39) or reckless driving (14:99), the elements of these offenses are not contained within the offense of hit and run driving (La.R.S. 14:100). La. C.J.P. art. 48 requires that the petition set forth the statute or ordinance which the child is alleged to have violated. The only offense set forth in the petition charging Korkosz is the violation of La.R.S. 14:100. The state did not prove the charged offense beyond a reasonable doubt so we must reverse. The State is to pay stenographer’s costs in accordance with La.R.S. 13:4521.
REVERSED.

. La.R.S. 14:100 reads in part as follows:
“Hit and run driving is the intentional failure of the driver of a vehicle involved in or causing any accident, to stop such vehicle at the scene of the accident, to give his identity and to render reasonable aid.”