# IN RE STEVEN G.*
## (5613)

DALY, STOUGHTON and NORCOTT, Js.

Argued November 18, 1987—decision released April 19, 1988

*In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 2026, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Shelley White,* with whom, on the brief, was *Beth A. Merkin,* for the appellant (respondent).

*Cathleen Mulligan Edwards,* state's advocate, for the appellee (state).

STOUGHTON, J. The respondent appeals from the denial of his motion to dismiss certain charges against him and his subsequent adjudication as a delinquent.

On February 3, 1986, the respondent was charged with criminal liability for robbery in the second degree in violation of General Statutes §§ 53a-8 and 53a-135 in connection with a theft that occurred at a natural foods store in New Haven on January 18 of that year. The petition alleged that the respondent "on or about 01/18/86 . . . did aid another who committed a robbery on a victim at 1012 State Street, New Haven." The respondent's trial commenced on July 9, 1986. The state called the complaining witness who testified that on the day of the incident she was working alone at a natural foods store in New Haven. Approximately twenty minutes before closing, two boys came into the store. One boy walked to the rear of the store and engaged the witness in conversation. The other boy remained at the front of the store, placed his hand on the cash register and began pushing the buttons. The complaining witness testified that when she noticed this, she walked back to the cash register. She opened the drawer to the cash register because she "felt threatened." She testified that the boy who had touched the register earlier grabbed some money and that both boys then ran from the store. She did not notice what, if anything, the boy who had spoken with her in the back of the store did during the transaction at the cash register. She was unable to make an in-court identification of the respondent.

The state's other witness was the juvenile who participated in the robbery with the respondent. He testified that he and the respondent had a discussion about taking some money from the store and that their plan was to have him go up to the cash register while the respondent was to "lead up the back." He further testified that the respondent approached the register, directed the complaining witness to open the drawer, and that the respondent grabbed some money from the drawer.

Cross-examination of this witness commenced, but had not been completed when the court recessed for that day. The trial was scheduled to resume on July 16, 1986. Before the trial began again, the state moved to amend the petition of delinquency to include four additional charges, conspiracy to commit robbery in the second degree; General Statutes §§ 53a-48 and 53a-135; larceny in the sixth degree; General Statutes § 53a-125b; conspiracy to commit larceny in the sixth degree; General Statutes §§ 53a-48 and 53a-125b; and criminal liability for larceny in the fifth degree. General Statutes §§ 53a-8 and 53a-125a. This motion was made pursuant to Practice Book § 1029 and made largely as the result of the juvenile's testimony concerning the respondent's actions that day. Over the respondent's objection and exception, the court granted the motion. The case was continued for one week for completion of the trial.

The respondent moved to dismiss the four additional counts. When trial was to resume on July 23, 1986, this motion was denied. Thereupon, the respondent entered a plea of nolo contendere to a reduced charge of conspiracy to commit robbery in the third degree, General Statutes §§ 53a-48 and 53a-136, the plea being specifically conditioned on his right to appeal the denial of his motion to dismiss, General Statutes § 54-94a. The respondent was then adjudicated a delinquent child.

On appeal, the respondent argues that the trial court erred in granting the state's motion to amend the petition to include the four additional charges after the commencement of the trial on the original petition of delinquency pursuant to Practice Book § 1029, which governs amendments in delinquency proceedings. In brief, the defendant asserts that Practice Book § 1029 is unconstitutional to the extent that it allows amendments under circumstances that would not allow for amendments pursuant to Practice Book § 624, which governs amendments in adult criminal proceedings. The defendant maintains that the amendments to his petition of delinquency, coming as they did in the middle of trial, were violative of his right to adequate and timely notice of the charges against him and his right to effective assistance of counsel and the right to cross-examine witnesses against him as guaranteed by the sixth and fourteenth amendments to the United States constitution. We disagree.

Practice Book § 624 limits the right of the prosecuting authority to amend the information under certain circumstances after commencement of trial. This section provides that "[a]fter commencement of the trial for *good cause shown,* the judicial authority may permit the prosecuting authority to amend the information or indictment at any time before a verdict or finding if *no additional or different offense* is charged and no substantive rights of the defendant would be prejudiced." (Emphasis added.) It is clear that such limitations are required so that a criminal defendant's constitutional right to fair notice is not violated. *State* v. *Jacobowitz,* 182 Conn. 585, 438 A.2d 792 (1981). In sharp contrast, Practice Book § 1029 allows for amendments involving changed facts and circumstances "at any time" prior to the final adjudication of delinquency. There is no corresponding requirement that the state demonstrate good cause for such late amendments and,

by its very terms, § 1029 allows additional and different charges to be brought. This section provides that a continuance shall be granted if the new facts require that the defendant be given additional time to respond adequately.

Juveniles are constitutionally entitled to notice, sufficiently in advance of any hearing, of the specific issues that they must meet. They are also entitled to notification of their right to counsel, the right to cross-examine any witnesses against them, and to be informed regarding their privilege against self-incrimination. *In re Gault,* 387 U.S. 1, 87 S. Ct. 1428, 18 L. Ed. 2d 527 (1966). The notice provided a juvenile "must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must 'set forth the alleged misconduct with particularity.' " Id., 33. Certain formalities and safeguards which attend adult proceedings need not, however, be afforded juveniles accused of criminal behavior. *McKiever* v. *Pennsylvania,* 403 U.S. 528, 91 S. Ct. 1976, 29 L. Ed. 2d 647 (1971) (juveniles are not constitutionally guaranteed jury trials). There is no constitutional requirement that the rules of practice which govern juvenile delinquency proceedings mirror those which govern adult proceedings. *Kent* v. *United States,* 383 U.S. 541, 86 S. Ct. 1045, 16 L. Ed. 2d 84 (1966). The hearing provided a juvenile, however, "must measure up to the essentials of due process and fair treatment." Id., 562; *In re Gault,* supra, 30. While *Gault* did not specifically address the constitutionality of midtrial amendments to charges in delinquency proceedings, it does provide us with a basic standard of essential due process and fair treatment. We note that the Supreme Court of Texas has applied a similar analysis in determining whether midtrial amendments to petitions in juvenile delinquency proceedings constitute a denial of due process. In *Carrillo* v. *State,* 480 S.W.2d

612 (Tex. 1972), that court reasoned that *Gault* required that any amendment "must come at such time, and under such circumstances, as to be basically fair to the minor." Id., 615. The court there found that the tendered amendments, occurring as they did toward the end of the trial, alleging a different owner of certain stolen property and the taking of additional property not set forth in the original petition and affording defense counsel until the next day to respond to the changed charges, surprised and prejudiced the defendant.

We apply this same fundamental fairness analysis in determining whether the midtrial amendments allowed by Practice Book § 1029 violated the respondent's constitutional rights in terms of adequate and timely notice of the charges against him, his right to cross-examine the witnesses against him, and his right to effective assistance of counsel. That stricter provisions govern such amendments in adult proceedings is of no consequence in this analysis.

As early as February 3, 1986, the respondent was informed that he was being accused in connection with a theft incident which had occurred on January 18 at 1012 State Street in New Haven and that one other individual was involved. Thus, well before the hearing began, the respondent was apprised of the nature of the offense he allegedly committed. The state complied with the respondent's pretrial discovery motion and the respondent's counsel in fact stated to the court that her reading of the statement made by the coconspirator to the police established that there was enough evidence therein on which to base a conspiracy charge. During the hearing, the testimony of the other juvenile clearly demonstrated that a conspiracy charge would have been warranted, as well as the larceny charge. For these reasons, the amendments could not have come as a complete surprise to the respondent, whose attorney was presumably familiar with the provisions of

Practice Book § 1029. Lastly, the time, location and basic nature of the offense remained unchanged by the amendments.

As for the respondent's right to cross-examine the witnesses against him, we are not persuaded that the respondent's cross-examination of either the victim or the coconspirator would have differed had he been charged with the conspiracy counts and larceny at the outset of the hearing. As we have noted earlier, however, the hearing was continued and the opportunity for further cross-examination of the coconspirator existed. The defense still had its entire case to present at the time the amended petition was filed and nothing prevented the respondent from again calling the victim to the stand.

Finally, the record indicates that the respondent's counsel was given the opportunity to conduct additional negotiations, which resulted in the respondent's conditional plea to a reduced charge. Moreover, the court afforded the respondent the option of a continuance if his counsel believed one was necessary in light of the amendments.[1]

There is no error.

In this opinion the other judges concurred.

---

[1] The respondent was being held pursuant to General Statutes § 46b-133 during the trial court proceedings. He urged that, under the circumstances, the availability of a continuance only served to present him with a "Hobson's choice" between his liberty interest in freedom from incarceration and the need for sufficient time to prepare his defense. The respondent concedes, however, that the additional charges were not the primary reason for his detention. Moreover, Practice Book § 1032 requires that such detentions be reviewed every fifteen days. The record indicates that the court scheduled such a review between July 16 and 23.