# In re Steven G.*
## (13437)

Peters, C. J., Healey, Shea, Callahan, Glass, Covello and Hull, Js.

Argued January 3—decision released March 21, 1989

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 2026, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Supreme Court.

Reporter of Judicial Decisions

*Shelley A. White,* for the appellant (respondent).

*Cathleen Mulligan Edwards,* state's advocate, for the appellee (state).

GLASS, J. The state brought a petition to adjudicate the respondent, Steven G., a juvenile delinquent[1] on the basis of a charge of criminal liability for robbery in the second degree. General Statutes §§ 53a-8 and 53a-135.[2] After the trial had commenced, the trial court permitted the state, pursuant to Practice Book § 1029,[3] to amend its petition to add four additional charges arising out of the same incident. Subsequently, the respondent was adjudicated a delinquent. On appeal, the

[1] General Statutes § 46b-120 (c) provides in pertinent part: "[A] child may be found 'delinquent' (1) who has violated any . . . state law . . . ."

[2] "[General Statutes] Sec. 53a-135. ROBBERY IN THE SECOND DEGREE: CLASS C FELONY. (a) A person is guilty of robbery in the second degree when he commits robbery and (1) he is aided by another person actually present; or (2) in the course of the commission of the crime or of immediate flight therefrom he or another participant in the crime displays or threatens the use of what he represents by his words or conduct to be a deadly weapon or a dangerous instrument.

"(b) Robbery in the second degree is a class C felony."

"[General Statutes] Sec. 53a-8. CRIMINAL LIABILITY FOR ACTS OF ANOTHER. A person, acting with the mental state required for commission of an offense, who solicits, requests, commands, importunes or intentionally aids another person to engage in conduct which constitutes an offense shall be criminally liable for such conduct and may be prosecuted and punished *as if he were the principal offender.*"

[3] Practice Book § 1029 provides: "A petition may be amended at any time by the court on its own motion or in response to the motion of any interested party prior to the final adjudication of delinquency or neglect. When an amendment has been so ordered, a continuance shall be granted whenever the court finds that the new allegations in the petition, as amended, justify the need for additional time to permit the parties to respond adequately to the additional or changed facts and circumstances."

Appellate Court upheld the trial court's allowance of the amendment on the ground that, in juvenile proceedings, a standard of "fundamental fairness" governs midtrial amendments rather than the stricter provisions applicable to adult proceedings. *In re Steven G.,* 14 Conn. App. 205, 210, 540 A.2d 107 (1988). We granted the respondent's petition for certification limited to the following issue: "In juvenile delinquency proceedings, what standard governs the authority of the state, after the commencement of trial, to amend the petition to include additional charges?" We conclude that the Appellate Court correctly applied the appropriate standard, and we therefore affirm its judgment.

The facts of this case are fully set forth in *In re Steven G.,* supra. We summarize only those facts pertinent to the certified issue. On February 3, 1986, the respondent was charged with criminal liability for robbery in the second degree. On July 9, 1986, the trial commenced. The complainant testified that she was working alone in a natural food store in New Haven on January 18, 1986, when two boys came into the store. One boy went to the rear of the store and engaged the complainant in conversation. The other boy went to the front of the store and put his hand on the cash register and pushed the buttons. When the complainant went to the front of the store, she was ordered by the boy there to "open the drawer," which she did because she felt "threatened." While at the front of the store, the complainant paid no attention to the boy at the back of the store, and consequently was unable to testify about what he did. She also was unable to make any identification of the respondent "with certainty." She testified that after the money was taken from the cash register by one of the boys, both boys "flew" out of the store. She also testified that she did not observe the boy who had gone to the back of the store take money from the register.

The state then called the co-respondent, Ted F., as its next witness. Ted testified that on January 18, 1986, he and the respondent were walking around the State Street area of New Haven "[planning] to go rob a store." As they came upon the complainant's store, they decided to put their plan into action. Ted testified that he and the respondent entered the complainant's store and that the respondent went to the back of the store while Ted went to the cash register and "tapped some buttons." Ted testified further that the complainant came to the front of the store and opened the cash register. He stated that the respondent "snatched money first" from the register, and that he himself then took the rest.

Shortly after the beginning of the cross-examination of Ted, the respondent's counsel requested a recess, which the trial court granted. On the date that the trial resumed, July 16, 1986, the state filed a motion to amend the petition against the respondent to add four additional charges arising out of the same incident. The respondent and his mother were provided with notice of the amended petition on that date. The four additional charges in the amended petition were: (1) conspiracy to commit robbery in the second degree; General Statutes §§ 53a-48 and 53a-135; (2) larceny in the sixth degree; General Statutes § 53a-125b; (3) conspiracy to commit larceny in the sixth degree; General Statutes §§ 53a-48 and 53a-125b; and (4) criminal liability for larceny in the fifth degree; General Statutes §§ 53a-8 and 53a-125a. The respondent's counsel objected to the added charges claiming that they violated the respondent's right to notice of the charges against him, his right to counsel and to present a defense, and that the added charges prejudiced the respondent. The state argued that an amendment was proper under Practice Book § 1029, claiming that the additional charges were brought because it had been

"surprised" by Ted's testimony. The trial court, pursuant to Practice Book § 1029, permitted the amended petition, and continued the case for one week until July 23, 1986, for completion of the trial.

On July 21, 1986, the respondent filed a motion to dismiss the four additional charges. The trial court denied the motion on July 23, 1986. Thereafter, pursuant to General Statutes § 54-94a,[4] the respondent entered a plea of nolo contendere to a reduced charge of conspiracy to commit robbery in the third degree.[5] The respondent's plea was conditioned on his right to appeal the denial of his motion to dismiss. The respondent subsequently was adjudicated a delinquent child and was committed to the department of children and youth services for a period not to exceed two years.

The respondent argues that juveniles charged with delinquency offenses have a right to the same standard of fair and adequate notice of the charges against them in advance of trial as is constitutionally mandated for adult criminal defendants. He claims that the addition

---

[4] The conditional plea of nolo contendere was based on General Statutes (Rev. to 1985) § 54-94a, which provides: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress evidence based on an unreasonable search or seizure or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution."

[5] "[General Statutes] Sec. 53a-136. ROBBERY IN THE THIRD DEGREE: CLASS D FELONY. (a) A person is guilty of robbery in the third degree when he commits robbery.

"(b) Robbery in the third degree is a class D felony."

"[General Statutes] Sec. 53a-48. CONSPIRACY. RENUNCIATION. (a) A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy."

of four new and different charges against him after the commencement of trial, made possible by Practice Book § 1029, violated rights secured to him by the sixth and fourteenth amendments to the United States constitution and also article first, §. 8 of the Connecticut constitution. In support of this claim the respondent relies principally on *In re Gault,* 387 U.S. 1, 87 S. Ct. 1428, 18 L. Ed. 2d 527 (1967), and Practice Book § 624.[6]

"There is no doubt that the Due Process Clause is applicable in juvenile proceedings. 'The problem,' we have stressed, 'is to ascertain the precise impact of the due process requirement upon such proceedings.' *In re Gault,* [supra, 13–14]. We have held that certain basic constitutional protections enjoyed by adults accused of crimes also apply to juveniles. See [id., 31–57] (notice of charges, right to counsel, privilege against self-incrimination, right to confrontation and cross-examination); *In re Winship,* 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970) (proof beyond a reasonable doubt); *Breed* v. *Jones,* 421 U.S. 519, 95 S. Ct. 1779, 44 L. Ed. 2d 346 (1975) (double jeopardy). But the Constitution does not mandate elimination of all differences in the treatment of juveniles. See, e.g., *McKeiver* v. *Pennsylvania,* 403 U.S. 528, 91 S. Ct. 1976, 29 L. Ed. 2d 647 (1971) (no right to jury trial). The State has 'a parens patriae interest in preserving and promoting the welfare of the child,' *Santosky* v. *Kramer,* 455 U.S. 745, 766, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982), which makes a juvenile proceeding fundamentally different from an adult criminal trial. We have tried, therefore, to strike a balance—to respect the 'informal-

---

[6] *Practice Book § 624 provides:* "After commencement of the trial for good cause shown, the judicial authority may permit the prosecuting authority to amend the information or indictment at any time before a verdict or finding if no additional or different offense is charged and no substantive rights of the defendant would be prejudiced. An amendment may charge an additional or different offense with the express consent of the defendant."

ity' and 'flexibility' that characterize juvenile proceedings, *In re Winship,* [supra, 366], and yet to ensure that such proceedings comport with the 'fundamental fairness' demanded by the Due Process Clause. *Breed* v. *Jones,* [supra, 531]; *McKeiver* [v. *Pennsylvania,* supra, 543] (plurality opinion)." *Schall* v. *Martin,* 467 U.S. 253, 263, 104 S. Ct. 2403, 81 L. Ed. 2d 207 (1984).

In *In re Gault,* the United States Supreme Court ruled that although a juvenile delinquency hearing need not " 'conform with all the requirements of a criminal trial or even of the usual administrative hearing, [such a] hearing must measure up to the essentials of due process and fair treatment.' " *In re Gault,* supra, 30, quoting *Kent* v. *United States,* 383 U.S. 541, 562, 86 S. Ct. 1045, 16 L. Ed. 2d 84 (1966). The right to adequate notice of the charges is among the essentials of due process and fair treatment that the *In re Gault* court held applicable to juvenile delinquency proceedings. *In re Gault,* supra, 33. Notice must be given to "the child and his parents or guardian . . . in writing . . . at the earliest practicable time, and in any event sufficiently in advance of the hearing to permit preparation" and must contain "the specific charge or factual allegations to be considered at the hearing." Id.

Despite the state's assertions to the contrary, there can be no question that a midtrial amendment to an information adding different charges in an adult criminal proceeding is violative of due process. See Practice Book § 624; *State* v. *Jacobowitz,* 182 Conn. 585, 590–91, 438 A.2d 792 (1981). "The state's right to amend must be limited to substitutions that do not charge the defendant with an additional or different offense because the defendant has a constitutional right to fair notice, prior to the commencement of trial, of the charges against which he must defend himself. See U.S. Const., amend. VI; Conn. Const., art. I, § 8." *State* v. *Jacobowitz,* supra, 590. *In re Gault,* however, did not

address the issue of midtrial amendments to charges in juvenile delinquency proceedings.

In our view the Appellate Court did not err in applying a "fundamental fairness" analysis. *Schall* v. *Martin,* supra, 263; see *McKeiver* v. *Pennsylvania,* supra, 543 ("the applicable due process standard in juvenile proceedings, as developed by *Gault* and *Winship,* is fundamental fairness"); *Carrillo* v. *State,* 480 S.W.2d 612, 615 (Tex. 1972) (applying fundamental fairness analysis to midtrial amendment in juvenile delinquency proceeding); see also *In re Appeal in Maricopa County,* 111 Ariz. 103, 106, 523 P.2d 1304 (1974) (amendment at close of juvenile delinquency proceeding under rule providing for amendment at any time permissible if parties afforded sufficient opportunity to meet new allegations).[7] Although we are mindful that *In re Gault* requires juvenile delinquency proceedings to meet the "essentials" of due process and fair treatment, we also recognize that the United Stated Supreme Court did not hold that a juvenile delinquency proceeding must conform in all particulars to the requirements of an adult criminal trial. *In re Gault,* supra, 30. The court's desire to refrain from establishing such a requirement stems from its recognition of the need to balance the state's essentially nonpunitive objectives in juvenile delinquency proceedings with the fundamental demands of due process. *Schall* v. *Martin,* supra. The procedural protections accorded alleged juvenile offenders appropriately may differ from those accorded alleged adult offenders because of the differing societal interests at stake. *Santana* v. *Collazo,* 714 F.2d 1172, 1177 (1st Cir. 1983), cert. denied, 466 U.S. 974, 104 S. Ct. 2352, 80 L. Ed. 2d 825 (1984). In its most recent decisions, in fact, the United States Supreme Court has emphasized the state's legitimate parens

---

[7] See footnote 9, infra.

patriae interest in juvenile proceedings. *Schall* v. *Martin,* supra; *Santosky* v. *Kramer,* supra; *McKeiver* v. *Pennsylvania,* supra.

Although some criminal trial standards have been implemented in juvenile delinquency proceedings, the public policy of Connecticut as expressed in the General Statutes contemplates a distinction between juvenile matters and criminal matters. See and compare General Statutes, c. 815t, Juvenile Matters, and c. 950, Penal Code: General Provisions. A further manifestation of this distinction is indicated specifically in General Statutes § 46b-145, which provides: "No child shall be prosecuted for an offense before the superior court, nor shall the adjudication of such court that a child is delinquent in any case be deemed a conviction of crime except as provided in sections 46b-126 and 46b-127."[8] Like our General Statutes, the Connecticut Rules of Practice contemplate a distinction between criminal matters and juvenile matters. Compare procedure in criminal cases, chapters 22 through 30, with procedure in juvenile matters, chapters 31 through 40. We note particularly that a juvenile delinquency hearing is circumscribed by Practice Book § 1034 (1), which provides: "The hearing shall not be conducted as a criminal trial; the proceedings shall be at all times as informal as the requirements of due process and fairness permit."

In synthesizing the "fundamental fairness" analysis applicable to juvenile proceedings with the language of *In re Gault* pertinent to the sixth amendment right to notice, we conclude that the Appellate Court did not err in upholding the trial court's allowance of the amended petition.[9] As we noted above, *In re Gault,*

---

[8] The exceptions refer to transfers to the regular criminal docket of the Superior Court from the docket for juvenile matters.

[9] The respondent has cited a number of decisions from other jurisdictions to support his claim that a petition in a juvenile delinquency proceeding cannot be amended at midtrial to add different offenses under *In re*

supra, 33, requires that "notice be given at the earliest practicable time, and in any event sufficiently in advance of the hearing to permit preparation." In the present case, the respondent, his attorney and his mother had known of the incident underlying the charges in both the original and the amended petitions since February 3, 1986. The state claims that Ted's "surprise" testimony on the first day of the hearing prompted it to add the additional charges. The respondent has not challenged the state's motives for adding the new charges, nor has he suggested that the additional charges resulted from bad faith on the part of the state. Further, the trial court continued the case for one week after allowing the amendment. Since the state had presented its witnesses' testimony and the respondent had begun his cross-examination of the co-respondent before the continuance, the continuance

*Gault,* 387 U.S. 1, 87 S. Ct. 1428, 18 L. Ed. 2d 527 (1967). None of these cases, however, involved midtrial amendments. See *D.L., Jr.* v. *State,* 491 So. 2d 1243, 1244 (Fla. App. 1986) (no amendment issue); *D.P.* v. *State,* 129 Ga. App. 680, 681, 200 S.E.2d 499 (1973) (receiving stolen goods not lesser included offense of burglary; no amendment issue); *In re Interest of Bryant,* 18 Ill. App. 3d 887, 892, 310 N.E.2d 713 (1974) (defective original petition); *Interest of Korkosz,* 393 So. 2d 332, 333 (La. App. 1980) (issue is whether state proved alleged offense beyond reasonable doubt).

The respondent also cites the Arizona Court of Appeal's opinion *In re Appeal in Maricopa County,* 21 Ariz. App. 542, 543, 521 P.2d 641, vacated, 111 Ariz. 103, 523 P.2d 1304 (1974), which only addressed the issue whether trespass is a lesser included offense of burglary. In that case, the juvenile was charged with burglary. Based on the evidence at trial, however, the trial court found that the juvenile had committed a trespass, and entered an adjudication of delinquency. The Court of Appeals reversed the trial court's decision, on the basis that trespass was not a lesser included offense of burglary. Id. That decision, however, was subsequently vacated by the Arizona Supreme Court. *In re Appeal in Maricopa County,* 111 Ariz. 103, 523 P.2d 1304 (1974). The court first determined that the Court of Appeals was correct in concluding that trespass was not a lesser included offense of burglary. Id., 106. The court, however, reversed the lower court upon the following ground: "Nevertheless the adjudication of delinquency may still be upheld. Rule 4 (b), Rules of Procedure for the Juvenile Court, 17A A.R.S. provides that 'A petition may be amended by order of the court at any time

allowed the respondent to consider the scope of his further cross-examination of the co-respondent, and to investigate the new charges. Moreover, the continuance also allowed him to consider calling witnesses on his own behalf, and otherwise to challenge the evidence presented against him. The respondent has not claimed that the continuance did not provide adequate time to prepare a defense against the additional charges.

Finally, the record discloses that the respondent entered a plea of nolo contendere to the charge of conspiracy to commit robbery in the third degree. This charge was obviously a compromise, resulting from a plea bargain in which the respondent chose to plead guilty to the less serious charge. There is no claim that the plea was coerced or in any way involuntary. The record does not indicate any effort by the state to rush

on its own motion or in response to the motion of any interested party before an adjudication; provided the parties are notified and granted sufficient time to meet the new allegations.' . . . It is apparent from the foregoing that the court had in effect amended the petition alleging acts of delinquency on the part of the juvenile. . . . However it appears from the record that the court should have permitted the parties sufficient opportunity to meet the new allegations. Therefore it is necessary to remand the case to the juvenile court in order to permit the parties an opportunity to address themselves to the allegation that the juvenile had committed trespass." Id.

A number of cases the respondent fails to cite, although arguably more on point, are ultimately distinguishable from the present case. In *In re Roy C.*, 169 Cal. App. 3d 912, 915, 215 Cal. Rptr. 513 (1985), the court held that the trial court erred in allowing the state, after it had rested its case, to amend the petition to include another offense that was not a lesser included offense of the original charge. In that case, however, "no continuance was offered to prevent prejudice to [the juvenile]." Id. The court noted that, "given adequate time," the juvenile could have developed a defense to the new charge. Id., 918; see also *In Interest of Becker*, 370 Pa. Super. 487, 496, 536 A.2d 1370 (1988) (holding that amendment at close of commonwealth's case alleging new charge violated due process; no discussion of effect of possible continuance); *In Interest of Bonner*, 301 Pa. Super. 431, 435-36, 447 A.2d 1043 (1982) (invalidating midtrial "amendment" naming new defendant); cf. *In re Man J.*, 149 Cal. App. 3d 475, 480, 197 Cal. Rptr. 20 (1983) (upholding midtrial amendment supplementing factual allegations of original charge).

the respondent to judgment or to deprive him of the opportunity to be heard or to assert any desired defense to the charges. Because Practice Book § 1029 requires a continuance if the new allegations justify additional time for preparation, and because the trial court ordered a continuance, we conclude that the respondent was given notice "at the earliest practicable time . . . sufficiently in advance of" the scheduled court proceedings. *In re Gault,* supra, 33. Nothing in *In re Gault* establishes a per se rule forbidding a midtrial amendment to a petition of delinquency adding substantively different charges arising out of the same incident. We conclude that the respondent's federal and state constitutional rights were not violated. It follows that the provisions of Practice Book § 624, which are inapplicable to juvenile delinquency proceedings, do not apply to the present case by reason of constitutional mandate.

We affirm the judgment of the Appellate Court.

In this opinion the other justices concurred.