[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON PLAINTIFF'S MOTION FOR CONTEMPT DATED JULY 19, 1995(NO. 140)
The plaintiff father seeks to have the defendant mother held in contempt for the violation of a court order dated June 16, 1995, which provided, inter alia, that the parties' two sons, ages 13 and 12, fly to Texas to spend three weeks with him. The boys did not go, and the father claims that the mother violated the court order by advising the boys not to go. The mother basically claims that she did all in her power to see to it that the boys went.
The children and parties were represented by counsel at a hearing on the motion, and the court took evidence.
Upon consideration of the evidence, I find that the children adamantly refused to board the flight. I also find that the defendant mother brought the children to the airport, arranged for an escort at a midway transfer point and checked CT Page 8938 their baggage on board the plane. She also attempted to persuade the children to board the flight, and enlisted the aid of others to do so, to no avail. The mother could not physically compel the children to board the plane. Thus, I find that at least on the appointed date of the children's aborted trip to Texas, the mother appeared willing, but was unable to comply with the court's visitation order.
The plaintiff, however, asserts that the violation of the court-ordered visitation was the culmination of long and persistent attempts by the mother to deny him visitation and contact with his sons and interfere with and frustrate his relationship with them. He points to a hearing on the parties' prior motions for contempt and other relief at which evidence was taken, tending to show that the mother had embarked on such a campaign. However, this claim is without merit, as the taking of evidence at the earlier hearing was not concluded, and the disputed issues were, at least in part, disposed of by the very order violated here. Indeed, no factual findings were made at that hearing, and the court retained jurisdiction to continue to hear any outstanding motions not fully resolved at the earlier hearing.
"The inability of a party to obey an order of the court, without fault on his part, is a good defense to a charge of contempt." Tobey v. Tobey, 165 Conn. 742, 746 (1974).
It is well settled that the fact that an order had not been complied with does not dictate that a finding of contempt must enter. "A finding of contempt necessarily depends on the facts and circumstances presented." Dukes v. Durante, 192 Conn. 207,228 (1984). "The court has the discretion to deny a contempt finding when there is a factual basis to explain the failure to honor the court's order." Marcil v. Marcil, 4 Conn. App. 403,405 (1985).
Here, I find that the children were genuinely upset and distressed over going to Texas to visit with their father. They had vowed to their attorney that they would `run away' at the first opportunity. They were apprehensive and fearful of their father; however, it cannot be determined from the evidence whether that fear and apprehension was justified. The commercial flight upon which they were ticketed was delayed for a brief time, to give the mother and airlines staff additional opportunity to persuade the boys to go. On this evidence, I CT Page 8939 find that the mother has met her burden of showing that she was unable to comply with the court-ordered visitation, and therefore, although I find that the order of June 16, 1995, was violated, I find no contempt.
This does not, however, end my inquiry. The plaintiff was deprived of the benefits of a valid court order, which included the opportunity and enjoyment of having his children with him and his extended family in Texas. In addition to intangible losses, he has lost the price of the airline tickets and has incurred counsel fees for this motion.
"In a contempt proceeding, even in the absence of a finding of contempt, a trial court has broad discretion to make whole any party who has suffered as a result of another party's failure to comply with a court order." Nelson v. Nelson,13 Conn. App. 355, 367 (1988); see also, Clement v. Clement,34 Conn. App. 641, 647 (1994) (one judge dissenting). Also see,Turgeon v. Turgeon, 190 Conn. 269, 284 (1983) (trial courts have equitable authority to render such orders as may be required to protect the integrity of its judgment in dissolution matters).
The father sought, among other things, orders that the children be placed on a plane immediately at mother's expense; that he be awarded attorney's fees and that the children be `grounded'. He provides no citation or other authority for the court's power to `ground' the children in a case such as this.
Indeed, taking the last claim first, it must be noted that although the children are represented by counsel, they were never made parties to the case. Moreover, even if they are deemed to be parties, no contempt motion was filed against them, and they have had no notice that any sanctions or other relief were to be sought against them. The imposition of sanctions upon the children would conflict with the requirement of fundamental fairness demanded by due process. "Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must set forth the alleged misconduct with particularity." In re Steven G.,210 Conn. 435, 441 (1989). Accordingly, I reject the plaintiff's father's claim that the children should be grounded.
I now turn to his next demand that the children be immediately placed on a flight to Texas at the mother's expense. CT Page 8940 The court is aware that the younger son's visitation trip to Texas in the summer of 1991 ended both prematurely and calamitously, and was traumatic to the child. The older child did not go. The attempted July 18, 1995, visitation at issue here was clearly upsetting to both boys and rendered them distraught. The children's attorney asserted that the boys were totally opposed to going to Texas to visit with their father. There was no evidence presented as to their scheduled activities, organized sports, etc., in Connecticut during the remainder of the summer, and their availability to go to Texas. Without further inquiry, including at a minimum, counseling for the children and father in order to alleviate the distress visited upon the children, I decline to order them to go to Texas at the present time in the light of their clearly expressed aversion to do so, and the obvious adverse effects any attempts to compel them to go, would have upon them. The determination of who or what caused their aversion to visit with the father in Texas must be left to another day.
I find that the father incurred $364 in expense for the flight which was not reimbursed. He has also incurred expenses for attorney's fees for this motion and the hearing, which I find to be in the amount of $500.
Accordingly, the following orders shall enter.
(1) The defendant shall pay to the plaintiff the sum of $364, together with the sum of $500 in attorney's fees, for a total of $864 within thirty (30) days hereof. If there is an arrearage due the defendant from the plaintiff, $864 shall be offset against the arrearage.
(2) The parties are again ordered to complete the parenting education program, General Statutes § 46b-69b, if they have not already done so.
(3) The court retains jurisdiction to order make-up visitation when appropriate, and to allocate between the parties the fees for the attorney for the children.
Teller, J. CT Page 8941