## IN RE DARNEL S.*
## (AC 18608)

Lavery, C. J., and Schaller and O'Connell, Js.

Argued September 12—November 14, 2000

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Robert J. Meredith*, deputy assistant public defender, with whom was *Christine Perra Rapillo*, supervisory assistant public defender, for the appellant (respondent).

*Toni M. Smith-Rosario*, assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Brian L. Casinghino*, juvenile prosecutor, for the appellee (petitioner).

*Opinion*

LAVERY, C. J. The respondent, a minor, appeals from the trial court's judgment adjudicating him a delinquent for having committed the crimes of risk of injury to a child in violation of General Statutes § 53-21[1] and attempt to commit sexual assault in the first degree in violation of General Statutes §§ 53a-49[2] and 53a-70 (a)

---

[1] General Statutes § 53-21 provides in relevant part: "Any person who . . . (2) has contact with the intimate parts . . . of a child under the age of sixteen years or subjects a child under sixteen years of age to contact with the intimate parts of such person, in a sexual and indecent manner likely to impair the health or morals of such child . . . shall be guilty of a class C felony."

[2] General Statutes § 53a-49 (a) provides in relevant part: "A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime, he . . . (2) intentionally does or omits to do anything which, under the circumstances as he believes them

(2).[3] On appeal, the respondent claims that the court improperly granted the state's motion to amend the petition by adding the latter of the two counts on which he was subsequently found to be delinquent when the trial was already in progress. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. The victim, then five years old, was in her brother's room on October 26, 1997, when the respondent, then twelve years old, entered the room. The respondent pulled down the victim's pants and caused contact between their respective genital areas. That hurt the victim, causing her to cry out.

The victim reported the incident to her mother the same day. The victim's mother then called the police concerning this incident. As a result, the state filed a petition alleging that the respondent was a delinquent for having committed one count of sexual assault in the first degree in violation of § 53a-70 and one count of risk of injury to a child in violation of § 53-21.

The trial of this matter took place in February, 1998, in the Superior Court, Juvenile Matters, at Hartford. On the opening day of the trial, following the testimony of the victim and two other witnesses, the state made an oral motion to amend its petition to add a third count, charging the respondent with attempt to commit sexual assault in the first degree in violation of §§ 53a-49 and 53a-70 (a) (2). After considering briefs from both parties and conducting a hearing, the court granted the motion.

to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime."

[3] General Statutes § 53a-70 (a) provides in relevant part: "A person is guilty of sexual assault in the first degree when such person . . . (2) engages in sexual intercourse with another person and such other person is under thirteen years of age and the actor is more than two years older than such person . . . ."

After trial, the court found that the respondent had committed risk of injury to a child and attempt to commit sexual assault in the first degree, adjudicated him a delinquent, and sentenced him to probation and a suspended commitment to the department of children and families (department). This appeal followed. The respondent claims in his appeal that the court improperly permitted the state to amend the petition to include the charge of attempt to commit sexual assault in the first degree. We disagree.

The following additional facts and procedural history are necessary to our resolution of this claim. At trial, the victim testified, and one witness corroborated, that the respondent had actually initiated and caused contact between their respective genital areas. A second corroborating witness stated, however, that the victim had recounted that the respondent had *attempted* such contact, rather than that it had actually taken place. Because that testimony called into question whether such contact, an element of the crime of sexual assault in the first degree, had actually taken place or had merely been attempted, the state made an oral motion to amend the delinquency petition to add the charge of attempt to commit sexual assault in the first degree.

Defense counsel made a timely objection to the state's motion to amend the petition. Subsequently, at the request of the court, the state filed a written motion to amend the petition, and both parties filed briefs on the issue. The state's attorney represented that it had been his understanding that there had been actual penetration, an element of the crime of sexual assault in the first degree, and that he was surprised by that aspect of the testimony. Since there was a question as to whether penetration had taken place, the state's attorney indicated that the charge of attempt to commit sexual assault in the first degree would be appropriate. After a hearing, the court granted the state's motion, finding

that the proposed amendment met the requirements articulated by our Supreme Court in *In re Steven G.*, 210 Conn. 435, 444–45, 556 A.2d 131 (1989).

On appeal, the respondent argues that the court improperly granted the state's motion to amend the petition to include an additional charge after the commencement of the trial on the original charges. The respondent claims that this was improper because it violated his right to "fundamental fairness" in juvenile proceedings as set forth in *In re Steven G.*, supra, 210 Conn. 443–44.[4] We disagree.

"There is no doubt that the Due Process Clause is applicable in juvenile proceedings. The problem, we have stressed, is to ascertain the precise impact of the due process requirement upon such proceedings. *In re Gault*, [387 U.S. 1, 13–14, 87 S. Ct. 1428, 18 L. Ed. 2d 527 (1967)]. We have held that certain basic constitutional protections enjoyed by adults accused of crimes also apply to juveniles. See [id., 31-57] (notice of charges, right to counsel, privilege against self-incrimination, right to confrontation and cross-examination); *In re Winship*, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970) (proof beyond a reasonable doubt); *Breed* v. *Jones*, 421 U.S. 519, 95 S. Ct. 1779, 44 L. Ed. 2d 346 (1975) (double jeopardy). But the Constitution does not mandate elimination of all differences in the treatment of juveniles. See, e.g., *McKeiver* v. *Pennsylvania*, 403 U.S. 528, 91 S. Ct. 1976, 29 L. Ed. 2d 647 (1971) (no right to jury trial). The State has a parens patriae interest in preserving and promoting the welfare of the child . . . which makes a juvenile proceeding fundamentally

---

[4] We note in passing that the standard of due process articulated by our Supreme Court in *In re Steven G.*, and not the rules articulated in General Statutes § 54-60 and Practice Book §§ 36-18 and 42-29, which apply to adult criminal trials and not to juvenile delinquency trials, governs this case. See *In re Steven G.*, supra, 210 Conn. 443 (explaining the distinctions between the two types of trials).

different from an adult criminal trial. We have tried, therefore, to strike a balance—to respect the informality and flexibility that characterize juvenile proceedings . . . and yet to ensure that such proceedings comport with the fundamental fairness demanded by the Due Process Clause. . . .

"In *In re Gault*, the United States Supreme Court ruled that although a juvenile delinquency hearing need not conform with all the requirements of a criminal trial or even of the usual administrative hearing, [such a] hearing must measure up to the essentials of due process and fair treatment. . . . The right to adequate notice of the charges is among the essentials of due process and fair treatment that the *In re Gault* court held applicable to juvenile delinquency proceedings. . . . Notice must be given to the child and his parents or guardian . . . in writing . . . at the earliest practicable time, and in any event sufficiently in advance of the hearing to permit preparation and must contain the specific charge or factual allegations to be considered at the hearing. . . .

"Despite the state's assertions to the contrary, there can be no question that a midtrial amendment to an information adding different charges in an adult criminal proceeding is violative of due process. . . . The state's right to amend must be limited to substitutions that do not charge the defendant with an additional or different offense because the defendant has a constitutional right to fair notice, prior to the commencement of trial, of the charges against which he must defend himself. . . . *In re Gault*, however, did not address the issue of midtrial amendments to charges in juvenile delinquency proceedings." (Citations omitted; internal quotation marks omitted.) *In re Steven G.*, supra, 210 Conn. 440–42. Because the Supreme Court has made it plain that the trial court's granting of permission to amend the delinquency petition implicates constitu-

tional issues of due process, our review of the claim raised here is de novo.

In *In re Steven G.*, 14 Conn. App. 205, 540 A.2d 107 (1988), aff'd, 210 Conn. 435, 556 A.2d 131 (1989), this court and our Supreme Court considered an issue and a factual setting almost identical to that presented in this case. In *In re Steven G.*, as in this case, the state's request to add the additional charge was prompted by "surprise testimony on the first day of the hearing . . . ." (Internal quotation marks omitted.) *In re Steven G.*, supra, 210 Conn. 444. In *In re Steven G.*, the trial court continued the case after allowing the amendment. Id. In this case, the court offered the respondent the opportunity to restart the trial from the beginning, a continuance to prepare for trial on the additional charge and leave to recall witnesses previously called by the state should he desire to ask additional questions in light of the amendment. The respondent declined all of those choices.

The respondent contends that the amendment of the petition following the start of trial violated the requirement set forth by the United States Supreme Court in *In re Gault*, supra, 387 U.S. 33, that "notice be given at the earliest practicable time, and in any event sufficiently in advance of the hearing to permit preparation." Our Supreme Court's response to the same contention in *In re Steven G.* is appropriate here. "Because Practice Book § 1029 [became § 1055.1 (3), now § 35-1 (c)], requires a continuance if the new allegations justify additional time for preparation, and because the trial court [offered] a continuance, we conclude that the respondent was given notice 'at the earliest practicable time . . . sufficiently in advance of' the scheduled court proceedings. *In re Gault*, supra, 33. Nothing in *In re Gault* establishes a per se rule forbidding a midtrial amendment to a petition of delinquency adding substan-

tively different charges arising out of the same incident." *In re Steven G.*, supra, 210 Conn. 446.

In this case, not only did the additional charge arise out of the same act in that the additional charge alleged an attempt rather than the completed act, but it encompassed the same set of facts as the risk of injury charge on which the respondent also was adjudged delinquent.[5] The only surprise was the testimony of one of the constancy of accusation witnesses, who stated that the victim told her that what happened was an attempt rather than a completed act. We thus conclude that the court properly permitted the state to amend the petition to add a count that more properly reflected the evidence adduced at trial.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] Count two of the petition, as elaborated on by the state in its response to the respondent's motion for a bill of particulars, alleged that the respondent "had contact with the genital area, groin, anus, inner thighs or buttocks of [the victim], who was five years of age, or subjected [the victim] to contact with the intimate parts of such person, in a sexual and indecent manner likely to impair the health or morals of such child . . . ."